Dorothea Temple Mason, and Her Husband, A. W. Mason, *Appellant*, v. State Bank of Orlando and Trust Company, a Corporation Having its Principal Place of Business at Orlando, Florida, who is Named in the Alleged Last Will and Testament of Carrie W. Temple, Deceased, to be the Executor Thereof, and Charlton Bourne, of Orlando, Florida, *Appellee.*

Division B.

Opinion Filed July 8, 1927.

*Hull, Landis & Whitehair,* for Appellants;

*E. W. & R. C. Davis,* for Appellees.

Per Curiam.—Appellants brought this suit pursuant to Section 3602, Revised General Statutes of Florida, 1920, for the purpose of contesting the probate of the will of Carrie W. Temple, late of Orange County, Florida. The contestant, Dorothea Temple Mason, was the only child of the testatrix, and the State Bank of Orlando and Trust Company,

the Executor appointed in the will, and Charlton Bourne, one of the beneficiaries under the will, are named as defendants.

The testatrix executed her will June 1st, 1924, and died June 11th of the same year. The will disposes of an estate valued at approximately $250,000.00, the residue of which, after paying certain legacies, was bequeathed to Sarah Wood, the niece of, and to Dora Miller, a friend of, the testatrix to share equally therein. Under the terms of the will Dorothea Temple Mason received One Thousand Dollars in money together with linens, household and kitchen furniture, silverware, chinaware and jewels. There were numerous other bequests not necessary to mention here. Probate of the will is resisted on the ground of mental incapacity and undue influence.

Upon final hearing on the issues made and testimony duly taken the Probate Judge entered his order denying and dismissing the petition of Dorothea Temple Mason and admitting the will to probate. Pursuant to Section 2923, Revised General Statutes of Florida, 1920, appeal from the order of the probate court was prosecuted to the Circuit Court of Orange County, resulting in a final decree affirming the order of the probate court. The cause comes here on appeal from the final decree of the Circuit Court. Sec. 5, Art. V, Constitution.

The record and briefs in this case approximate fifteen hundred pages. The record should not have reached any such proportions. Its analysis by this Court has been rendered unduly tedious and laborious because of the fact that it covers in the aggregate hundreds of pages of immaterial and irrelevant testimony and other matter. There is a complete dearth of testimony showing that the will was procured by undue influence over the testatrix and the testimony tending to show mental incapacity is predicated

largely on hypothetical questions propounded to doctors who did not attend the deceased in her last illness. This testimony is completely rebutted by the evidence of the doctors and nurses who attended the testatrix at the time of the execution of the will, all of whom testified that she was fully competent to make a will.

The decree of the chancellor affirming the order of the Probate Court of Orange County is abundantly supported by the record and the controlling principles of law governing this case are fully discussed in Hamilton et al. v. Morgan et al., decided this term. In this situation a discussion of the law or the evidence would serve no useful purpose so the decree of the chancellor is affirmed on authority of Hamilton et al. v. Morgan et al., *supra.*

Affirmed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.