GEORGIA PARKER, *Appellant*, v. A. D. PENNY, NAMED EXECUTOR OF THE LAST WILL AND TESTAMENT OF JOSEPH W. COMBS, DECEASED, *Appellee*.

Division B.

Opinion Filed May 15, 1928.

*Shipp, Evans & Kline*, Attorneys for Appellant;

*S. J. Barco*, Attorney for Appellee.

TERRELL, J.—Joseph W. Combs, late of Miami, Dade County, Florida, died testate March 9th, 1926. Six days

prior to his death, on March 3rd, 1926, he executed his last will which was probated April 17th, 1926. April 19th, 1926, appellant, Georgia Parker, a daughter and heir at law of the testator, filed in the Probate Court of Dade County her petition seeking to revoke the probate of the said will on the ground of testamentary incapacity, undue influence and on the further ground that the lands on which the testator lived and made his home (and which constituted the bulk of his estate) was his homestead and was not subject to disposition by will under the laws of this State.

On the 12th day of May, 1926, the executor named in the will appellee here filed his answer to appellant's petition seeking to revoke the probate of the said will. The said answer denied all the material allegations of said petition. Much testimony was taken on the issues made and on final hearing August 13, 1926, the county judge entered his order denying the petition of Georgia Parker to revoke the probate of the said will and also holding that the said will expressed the true desire of the testator with reference to the disposition of his property, that the testator was possessed of testamentary capacity at the time he executed the said will, that the said Joseph W. Combs was not the head of a family at the time of his death and that his home or place of residence was not his homestead. From the order of the county judge appeal was taken to the circuit court, and on final hearing, April 13, 1927, the chancellor entered his final decree affirming the order of the county judge. From the final decree of the chancellor appeal was taken to this Court.

The will brought in question disposes of a valuable estate dividing it among the children and relatives of the testator and the relatives of his late deceased wife. Under the facts of this case the will was not an unusual or unnatural dis-

position of the testator's property. The finding of the probate judge was on conflicting testimony but there is no showing whatever that he misapprehended the legal effect of the evidence as an entirety and there was ample evidence to support his finding.

The question of testamentary incapacity, the question of undue influence and the evidence to support them were fully covered by this Court in the recent case of Hamilton *et al.* v. Morgan, 93 Fla. 311, 112 So. Rep. 80, and we think on these questions this case may safely be affirmed on authority of that case. See also Mason *et al.* v. State Bank of Orlando and Trust Company *et al.*, 94 Fla. 132, 113 So. Rep. 664.

The record further shows conclusively that the testator was not at the time of the execution of his will nor at his death the head of a family as contemplated under our Constitution. See Herrin v. Brown, 44 Fla. 782, 33 So. 522, 103 Am. St. Rep. 182.

Affirmed.

WHITFIELD, P. J., AND BUFORD, J., concur.

STRUM, J., concurs in the opinion and judgment.

ELLIS, C. J., AND BROWN, J., dissent.