BERNICE ZWEMER, et al., *Appellants,* vs. SHELIA ELLSWORTH BURLINGAME, et al., *Appellees.*

Division A.

Opinion filed May 7, 1931.

*Ernest Metcalf, W. B. Crawford,* and *David K. Tone* of Chicago, Ill., for Appellants;

*C. C. Chillingworth, Chillingworth & Simon, J. W. Salisbury* and *E. M. Grossman* of St. Louis, Mo., for Appellees.

BUFORD, C.J.—Olive C. Maltby was a widow residing in Palm Beach County. She departed this life on June 10, 1925. Prior to her death she owned valuable real estate in Michigan and in Palm Beach, Florida. She also owned valuable personal property, securities and cash.

On October 5, 1925, appellants Bernice Zwemer and Louise Mae Farrow named as Executrixes in what purported to be the last will and testament of Mrs. Maltby, filed the same for probate.

Edith Allen, an adopted daughter of Mrs. Maltby, and Shelia Burlingame, a granddaughter of Mrs. Maltby, appeared before the court and moved the court to adjudge the paper offered for probate not to be the Will of Olive C. Maltby, deceased, and to dismiss all proceedings relating thereto. They filed a petition alleging that the execution of the purported Will was induced by undue influence of one or more legatees named therein and also alleging that Mrs. Maltby was, lacking in the necessary testamentary capacity to execute a will at the time the purported will was executed.

The appellant here answered the petition. Some 1200 pages of testimony was taken, fully three-fourths of which

was irrelevant, immaterial and tendered to prove no issues.

After the testimony was taken and considered by the probate judge he entered an order, the material part of which is as follows:

"The Court having duly considered all the testimony, including depositions and exhibits, that was admitted in evidence, the arguments of very able counsel for the respective parties litigant, and having before it their able and exhaustive briefs upon the material points of law and fact governing the questions to be determined thereby being fully advised in the premises, DOTH FIND:

1. That the purported last will and testament of the said Olive C. Maltby, deceased, bearing date April 22, A. D. 1923, was, in fact, executed at a time when she was a person not of sound mind.

2. That the purported last will and testament of the said Olive C. Maltby, deceased, bearing date April 22, A. D. 1923, was, in fact, executed at a time when she was not possessed of testamentary capacity to enable her to make a valid last will and testament.

3. That undue influence was, in fact, exercised by the proponents over the mind of said Olive C. Maltby in causing the said Olive C. Maltby to substitute the will of said proponents in place of the will of said Olive C. Maltby, when making the said purported last will and testament.

4. That the said purported last will and testament of the said Olive C. Maltby, deceased, bearing date April 22, A. D. 1923, as the same is now exhibited in this court, is not in fact the true last will and testament of Olive C. Maltby, deceased.

5. That the said purported last will and testament of Olive C. Maltby, deceased, bearing date April 22, A. D. 1923, is not proven for probate as required by the law of Florida; IT IS THEREFORE, ORDERED,

ADJUDGED AND DECREED that the said purported will and testament of the said Olive C. Maltby, deceased, bearing date April 22, A. D. 1923, in this cause offered for probate, be and the same is hereby deemed and held to be void and of no effect, and the petition for the probate thereof is hereby denied.''

From the order of the County Judge appeal was taken and on the 12th day of September, 1928, the Circuit Judge, considering the appeal, made the following order, to-wit:

''This cause came on to be heard upon the appeal of Bernice Zwemer and Louise May Farrow, proponents of the Will of Olive C. Maltby, deceased, from a final decree entered in the County Judges Court of Palm Beach County, Florida, the 6th day of November, A. D. 1927, holding the proposed will and testament of Olive C. Maltby, deceased, bearing date April 22, A. D. 1923, to be void and of no effect and denying the probate hereof.

The Court has read the entire testimony taken before the Judge of the County Judge's Court of Palm Beach County, Florida, and the briefs filed in the said County Judges Court of Palm Beach County, Florida, and in this, the Circuit Court of the Fifteenth Judicial Circuit of Florida, and has heard the argument of counsel for Appellants and the Appellees; the Court has further considered the original record in said Court, which was transmitted to it in said appeal.

The Court is of the opinion that no error was committed by the said County Judges Court in and for the County of Palm Beach, Florida, and it is therefore,

ORDERED AND ADJUDGED by this Court that the said order of the said County Judge's Court of Palm Beach County, Florida, be and the same is hereby affirmed.

DONE, ORDERED AND ADJUDGED at Fort Pierce, Florida, September 10th, 1928.''

In that part of the transcript of the testimony which is

material to the issues presented there is found ample substantial evidence to support the findings of the County Judge and the affirmance by the Circuit Judge.

The legal questions involved in this case necessary to the disposition thereof have been settled by this Court in opinions and judgments heretofore rendered. See Newman vs. Smith, 77 Fla. 633, 82 Sou. 237; Hamilton vs. Morgan, 93 Fla. 311, 112 Sou. 80; Baker vs. Penney, Executor, 95 Fla. 922, 117 Sou. 703; Pelton vs. First Savings & Trust Co. of Tampa, 98 Fla. 784, 124 Sou. 169; Mulford vs. Central Farmers Trust Co., 99 Fla. 600, 126 Sou. 762.

Upon authority of the opinions and judgments in the cases above cited, the decree appealed from should be affirmed and it is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.