PEARSON, TILLMAN, Chief Judge.
The first final decree in this cause was reviewed by the Supreme Court of Florida pursuant to Article V, § 4(2), Florida Constitution, F.S.A.[1] The history of the cause prior to that decree is fully set forth in the opinion and need not be repeated here. The court upheld the validity of section 185.34, Fla.Stat., F.S.A.,[2] but remanded the cause with directions that the City of Coral Gables be permitted to introduce evidence to rebut the presumption of service- *444 connected disability raised by the statute and to enter such judgment as might be proper upon all the evidence.
Following the directions of the Supreme Court, the chancellor heard the testimony of the defendant city’s medical expert and that of the plaintiff’s treating physician. Each of the doctors qualified as an expert on diseases of the heart. Upon the vital matter of the cause of plaintiff’s heart condition, these experts contradicted each other. The only other witness presented was the chief of police of the City of Coral Gables. He described the duties and employment record of the plaintiff, a police captain. Upon this evidence the chancellor made the following findings:
“1. That Plaintiff is suffering from heart disease which renders him permanently disabled from performing any of the duties of his office as a police officer of the defendant City;
“2. That Plaintiff’s heart disease arose from and out of the discharge of his duties in the course of his employment by the defendant City, within the meaning of Section 4.2(e) of Ordinance No. 994 of Defendant City;
“3. That the presumption created by virtue of Chapter 57-340, Laws of Florida 1957, that Plaintiff’s said heart disease was suffered in line of duty, has not been rebutted by the defendant City;
“4. That the Plaintiff is entitled to a pension from the defendant City in the amount of seventy-five (75%J per cent of his monthly earnings of Five Hundred Seven ($507.00) Dollars per month, pursuant to Ordinance No. 994 of the defendant City, or the sum of Three Hundred Eighty and 25/100 ($380.25) Dollars per month, beginning from the 21 day of August, 1958.”
From this decree the city appeals, and we affirm.
The first three points raised by the city question the sufficiency of the evidence to support the chancellor’s finding that the plaintiff’s heart disease arose from and out of the discharge of his duties in the course of his employment by the defendant city. The positive testimony of plaintiff’s treating physician, both in his sworn testimony at the trial and his affidavit which was accepted by the Retirement Board, would appear to provide a basis for the chancellor’s finding that plaintiff’s disability arose from and out of the discharge of his duty, but the city urges that such a finding is against reason. The city’s expert testified that he rejected entirely the concept that strain of employment could be the cause of plaintiff’s heart trouble. Because the expert opinions of the two doctors are not capable of proof in a courtroom, we are not in a position to say that the trial judge should have disregarded the testimony of either. By the very nature of the case it was the function of the chancellor to accept one and deny the other ;[3] it is not the function of this court.
For us to accept the appellant’s view that following its expert’s testimony, the presumption vanished and the burden of proof shifted to the plaintiff to “positively”' prove the disability was service-connected' (notwithstanding the testimony of plaintiff’s expert) would be contrary to Florida law and would also have the effect of negating the presumption granted by section 185.34, supra. Permitting the testimony of the defendant’s expert to have *445 the effect of rebutting the presumption created by the statute in view of the contradictory and conflicting testimony of plaintiff’s expert, would be contrary to the rule expressed by the Supreme Court of Florida in Kuehmsted v. Turnwall, 115 Fla. 692, 155 So. 847, wherein it was stated that where testimony of two medical exr perts is hopelessly conflicting, the evidence will be considered balanced as if it has not been offered.[4]
Appellant’s fourth point urges as error the refusal of the chancellor to admit into evidence the original court records of four divorce cases in which the appellee Brasher had been involved. The proffer of these records was made by the defendant city during the city’s cross examination of the treating physician who testified on behalf of the plaintiff Brasher.[5] The proffer was objected to and the objection sustained. The practice of introducing original court files of other cases into evidence of a case on trial is not one to be encouraged. If there are material portions of the records referred to which are relevant to the trial, a transcript of such portions may be offered in evidence. It appears that the sole relevancy of the files offered in evidence was to prove that there were sources for strain upon officer Brasher other than his employment. The existence of the records of the circuit court in other cases is a matter of which the chancellor cannot take judicial notice, unless the record is brought to the attention of the court and made a part of the record in the case under consideration. E.g., In re Freeman’s Adoption, Fla.1956, 90 So.2d 109; Kostecos v. Johnson, Fla.1956, 85 So.2d 594; Atlas Land Corporation v. Norman, 116 Fla. 800, 156 So. 885, 886. We do not find that the defendant city sought to introduce evidence independent of the cross-examination of the doctor of any matter contained in the court files. Nor is any mention of the court files or the matters concerned therewith made upon the examination of any witness for the defendant city. Under these circumstances error has not been demonstrated.
Appellant’s last point deals with its contention that the trial judge was prejudiced. Inasmuch as no effort was made to *446 disqualify the chancellor, the question of prejudice had not been properly raised.[6]
Having examined the record and found no reversible error, the judgment is affirmed.
Affirmed.
CARROLL, J., dissents.

. City of Coral Gables v. Brasher, Fla.1960, 120 So.2d 5.

. Section 1S5.34, Fla.Stat., F.S.A. “Any condition or impairment of health of any and all police officers employed in the state caused by tuberculosis, hypertension, heart disease or hardening of the arteries, resulting in total or partial disability shall be presumed to have been suffered in line of duty unless the contrary be shown by competent evidence, provided, however, that such police officer shall have successfully passed a physical examination on entering into such service which examination fails to reveal any evidence of such condition. Nothing herein shall be construed to extend or otherwise affect the provisions of Chapter 440, pertaining to workmen’s compensation. * * * ”

. In general, where a conflict between expert opinion evidence exists, it is for the trier of fact to determine the weight to be accorded to each opinion. See cases cited at 32 C.J.S. Evidence § 572, n. 67. Further, the testimony of a doctor based on personal knowledge as to a person’s condition is entitled to more weight than that of one without personal knowledge of the individual involved. See Adams v. Saunders, 139 Fla. 730, 191 So. 312; Mason v. State Bank of Orlando & Trust Co., 94 Fla. 132, 113 So. 664.

. It is interesting to note in the Keuhm-sted case, supra, that there was a prior adjudication of insanity. The court held, after giving no force and effect to the conflicting testimony of the experts, that the presumption of insanity continued. The reasoning in the Kuehmsted case, supra, is at least persuasive, if not controlling, due to the analogous circumstances in this case where there is conflicting expert testimony and a presumption created by statute.

. “Mr. Semple: Then, we offer to show— We proffer the records of the Dade County Courthouse to show that during that period of time there were four different divorce eases, three or four different divorce cases in which Captain Brasher was involved in marital difficulties with his wife.
“The Court: All right, sir.
“Mr. Semple: We offer the records. We offer them for the purpose of showing and for the purpose of basing the Question of stress and strain in the doctor’s opinion as a contributing factor or a cause of Captain Brashor’s disability. Could the stress and strain, or part of the stress and strain, or all of the stress and strain, arising out of his marital difficulties as reflected by the records in the Dade County Courthouse contribute to it?
“The Court: The proffer is objected to?
“Mr. Brigham: We object to the proffer on the following grounds: No. 1, the doctor has testified, based upon the medical history of the man, and knowing Captain Brasher intimately as treating physician over all of these years, and being familiar with the duties which he has performed as a police officer, that in his expert opinion, the heart disease was occasioned, causally connected with, and, in his opinion, probably the cause of this heart disease. Secondly, that the attempt now to inject into this record the question of domestic matters are unrelated and irrelevant and immaterial to the issues of this case and is not proper cross examination of the witness.

. Section 38.10, Fla.Stat., F.S.A. See, also, State ex rel. Mizner Land Corporation v. Gray, 117 Fla. 294, 157 So. 663.