372 So.2d 438 (1979)
Billie E. CALDWELL, Petitioner,
v.
DIVISION OF RETIREMENT, FLORIDA DEPARTMENT OF ADMINISTRATION, Respondent.
No. 51807.
Supreme Court of Florida.
June 14, 1979.
Rehearing Denied July 24, 1979.
*439 M. Stephen Turner, of Thompson, Wadsworth, Messer, Turner & Rhodes, Tallahassee, for petitioner.
E. Douglas Spangler, Jr., Asst. Division Atty., Division of Retirement, Tallahassee, for respondent.
Richard A. Sicking and Joseph C. Segor, of Kaplan, Dorsey, Sicking & Hessen, Miami, for the International Association of Firefighters, AFL-CIO, amicus curiae.
Stephen H. Cypen, of Cypen & Nevins, Miami Beach, for Board of Trustees of The City of Boca Raton Police and Firefighters Retirement System, Board of Trustees of The Hollywood Firemen's Pension Fund, Board of Trustees of The City of Hollywood Police Officers Retirement System, Board of Trustees of The City Pension Fund for Firemen and Policemen in The City of Miami Beach and Board of Trustees of The Pompano Beach Police and Firefighters' Retirement System, amicus curiae.
ADKINS, Justice.
By petition for certiorari, we have for review a decision of the First District Court of Appeal, Caldwell v. Division of Retirement, Department of Administration, 344 So.2d 923 (Fla. 1st DCA 1977), which allegedly conflicts with a decision of the Third District Court of Appeal in City of Coral Gables v. Brasher, 132 So.2d 442 (Fla. 3d DCA 1961), on the same point of law. Art. V, § 3(b)(3), Fla. Const.
The State Retirement Commission (Commission) denied Caldwell's claim for "disability in line of duty" benefits, costs, and attorney's fee. Caldwell, a fireman, suffered a heart attack. The district court of appeal held that the Commission erred in refusing to apply section 112.18(1), Florida Statutes (1975), which provided that any impairment of health of a fireman caused by heart disease resulting in total disability is presumed to have been suffered in the line of duty unless the contrary, is shown by competent evidence. By statute, "disability in line of duty" means an injury or illness arising out of and in the actual performance of duty required by a member's employment during his regularly scheduled working hours or irregular working hours as required by the employer. § 121.021(13), Fla. Stat. (1975).
The district court of appeal in its opinion correctly held that section 112.18(1), Florida Statutes (1975), was applicable. The court then found that there was a conflict in the testimony, saying:
There was evidence that it was caused by arteriosclerosis unrelated to his employment, and there was evidence that recent employment stress or employment stress over a period of time caused the attack in whole or in part.
* * * * * *
The medical testimony crucial to this case was conflicting. The Commission found that the heart attack suffered by Caldwell resulted from arteriosclerosis which was unrelated to his duties as a fireman. There was competent substantial evidence in the record to support this finding. The causation standard applied by the Commission to the facts of this case was correct and Caldwell is not entitled to in line of duty disability as a matter of law.
The Commission says that its determination was supported by substantial and competent evidence, and this was sufficient even though the testimony was conflicting. Caldwell says that the presumption is one that affects the burden of persuasion and can be overcome only by clear and convincing evidence. If the evidence is conflicting, he says, the presumption prevails.
In City of Coral Gables v. Brasher, supra, the City appealed from a judgment which held that Brasher's heart disease arose from and out of the discharge of his duties as a police captain. Section 185.34, Florida Statutes (1961), provided that any impairment of health of police officers caused by heart disease is presumed to have been suffered in line of duty unless the contrary be shown *440 by competent evidence. The expert for the City (appellant) rejected the concept that strain of employment could be the cause of plaintiff's heart trouble. Relying upon the presumption, the court held that the officer was entitled to a pension for disability suffered in line of duty, saying:
For us to accept the appellant's view that following its expert's testimony, the presumption vanished and the burden of proof shifted to the plaintiff to "positively" prove the disability was service-connected (notwithstanding the testimony of plaintiff's expert) would be contrary to Florida law and would also have the effect of negating the presumption granted by section 185.34, supra. Permitting the testimony of the defendant's expert to have the effect of rebutting the presumption created by the statute in view of the contradictory and conflicting testimony of plaintiff's expert, would be contrary to the rule expressed by the Supreme Court of Florida in Kuehmsted v. Turnwall, 115 Fla. 692, 155 So. 847, wherein it was stated that where testimony of two medical experts is hopelessly conflicting, the evidence will be considered balanced as if it has not been offered. 132 So.2d at 444-445.
In the case sub judice, the district court of appeal found that the heart attack suffered by Caldwell "resulted from arteriosclerosis... ." This finding required the application of the statutory presumption that the arteriosclerosis (heart disease) was suffered in the line of duty. The district court failed to apply the presumption when it further found that the arteriosclerosis was "unrelated to his duties as a fireman." The presumption supplies the element of service-connection, and the failure to apply the presumption constitutes conflict with City of Coral Gables v. Brasher, supra. We have jurisdiction.
A presumption has been defined as an inference required by a rule of law to be drawn as to the existence of one fact from the existence of some other established basic fact or combination of facts. 3 B. Jones, Jones on Evidence § 3.1 (6th ed. 1972). The Florida courts recognize one type of rebuttable presumption as a "bursting bubble" presumption or vanishing presumption. The Court in Nationwide Mutual Insurance Co. v. Griffin, 222 So.2d 754, 756 (Fla. 4th DCA 1969), discussed the vanishing presumption as follows:
A presumption is a rule of law which attaches to certain evidentiary facts and is productive of certain procedural consequences. The presumption is not itself evidence and has no probative value. Florida follows generally [albeit not always] what is sometimes called the Thayerian rule to the effect that when credible evidence comes into the case contradicting the basic fact or facts giving rise to the presumption, the presumption vanishes and the issue is determined on the evidence just as though no presumption has ever existed. Conversely, if the basic facts are sufficiently proven so as to give rise to the presumption and not thereafter contradicted by credible evidence, the party in whose favor the presumption exists becomes entitled to a directed verdict. Thus, in either event, the presumption is productive of these procedural consequences but is not a matter for the jury to consider.
Another type of rebuttable presumption is one which affects the burden of proof. These are expressions of social policy. See 5 C. Ehrhardt, West's Florida Practice, Florida Evidence § 303.1 (1977); 1 K. Hughes, Florida Evidence Manual § 57 (1975).
When evidence rebutting such a presumption is introduced, the presumption does not automatically disappear. It is not overcome until the trier of fact believes that the presumed fact has been overcome by whatever degree of persuasion is required by the substantive law of the case. This may be by a preponderance of the evidence or by clear and convincing evidence, as the case may be.
The presumption contained in section 112.18(1), Florida Statutes (1975), affects the burden of persuasion. It embodies the social policy of the state which recognizes *441 that firemen are subjected during their career to the hazards of smoke, heat, and nauseous fumes from all kinds of toxic chemicals as well as extreme anxiety derived from the necessity of being constantly faced with the possibility of extreme danger. The legislature recognized that this exposure could cause a fireman to become the victim of tuberculosis, hypertension, or heart disease.
The legislature disposed of the need to introduce proof that the enumerated diseases were occupational hazards of the particular fireman involved by assuming that they are hazards faced by all firemen. This statutory presumption can be rebutted by showing some other specific hazard or non-occupational factor was the cause of the disease. Just as this Court developed a general formula for dealing with the difficult problem of proving the occupational causation of heart attacks in workmen's compensation cases (Victor Wine & Liquor, Inc., v. Beasley, 141 So.2d 581 (Fla. 1971)), so did the legislature establish a general rule for firemen in section 112.18, Florida Statutes (1975). The statutory presumption relieved Caldwell from the necessity of proving an occupational causation of heart disease. The statute cast on the employer the burden of persuading the trier of fact that the disease was caused by a non-occupationally related agent. The presumption would be meaningless if the only evidence necessary to overcome it is evidence that there has been no specific occupationally related event that caused the disease.
To rebut the statutory presumption, it is necessary that the Commission show that the disease causing disability or death was caused by a specific, non-work related event or exposure.
The statutory presumption is the expression of a strong public policy which does not vanish when the opposing party submits evidence. Where the evidence is conflicting, the quantum of proof is balanced and the presumption should prevail. This does not foreclose the employer from overcoming the presumption. However, if there is evidence supporting the presumption the employer can overcome the presumption only by clear and convincing evidence. In the absence of cogent proof to the contrary the public policy in favor of job relatedness must be given effect. The holding of the First District Court of Appeal in the case sub judice that the presumption was overcome where there was conflicting evidence of causation is in error and should be quashed.
The portion of the opinion of the district court of appeal holding that section 112.18(1), Florida Statutes (1975), should be applied in these proceedings and the holding that Caldwell is not entitled to attorney's fee and costs are approved. The decision to deny the petition for review is quashed. This cause is remanded to the district court of appeal with instruction to quash the order of the Commission and further remand the cause to the Commission for the purpose of allowing Caldwell in line of duty disability benefits.
It is so ordered.
ENGLAND, C.J., and OVERTON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.
BOYD, J., dissents.