PER CURIAM.
Assuming, without deciding, that the doctrine of res ipsa loquitur applies to the instant case as urged by the plaintiffs Isabel and Walter Komorowski and as found by the trial court below, this doctrine merely raises a permissible, not a compulsory, inference of negligence against the defendant Magic Oriental Rugs, Inc. in the accident sued upon. Accordingly, the trial court erred in entering summary judgment for the plaintiffs on the issue of liability in this negligence action. See, e.g., Marrero v. Goldsmith, 486 So.2d 530, 531 (Fla.1986) (res ipsa loquitur “is a rule of evidence that permits, but does not compel, an inference of negligence under certain circumstances.”); Greyhound Corp. v. Ford, 157 So.2d 427, 431 (Fla. 2d DCA 1963) (“Res ipsa loquitur raises an inference of negligence not a presumption. The doctrine will support a jury verdict but not a directed verdict_”).
The non-final order under review is reversed and the cause is remanded to the trial court for further proceedings.
Reversed and remanded.