789 So.2d 1148 (2001)
GARDEN STREET IRON & METAL, INC., a Florida Corporation, Appellant,
v.
Jack TANNER, Appellee.
No. 2D00-1964.
District Court of Appeal of Florida, Second District.
June 29, 2001.
*1149 Ty G. Roland and Tulio G. Suarez of Roosa, Sutton, Burandt & Adamski, LLP, Cape Coral, for Appellant.
Geoffrey D. Smith and Stephen E. Oole of Blank, Meenan & Smith, P.A., Tallahassee, for Appellee.
NORTHCUTT, Judge.
Jack Tanner maintained that the statute of limitations barred both counts of the lawsuit filed against him by Garden Street Iron & Metal, Inc., and he convinced the circuit court to grant him a summary judgment. We agree that the limitations period had expired on Garden Street's attempt to enforce an oral contract. In that respect we affirm the summary judgment without further discussion. But Garden Street's other allegation, of trespass, was timely. We reverse the summary judgment on that count.
When reviewing a summary judgment, we must view the facts in the light most favorable to the nonmoving party. See Valk v. J.E.M. Distrib. of Tampa Bay, Inc., 700 So.2d 416 (Fla. 2d DCA 1997). As such, the evidence showed that this dispute emanated from Garden Street's purchase of Tanner's scrap metal business in 1988. At that time, there were a number of used tires on the property. Garden Street did not want the tires. According to Earl Weber, the president of Garden Street, Tanner planned to remove them. Weber knew the endeavor would be costly. He testified that he allowed Tanner to leave the tires on the property until he could arrange their disposal.
Tanner moved some of the tires in 1990. Still, Weber testified, Garden Street did not impose a deadline for completing the task. Finally, however, in August 1995 Garden Street sent Tanner a letter demanding that he take the remaining tires from the property. Tanner disavowed any obligation to do so. Garden Street filed *1150 suit in October 1997, contending among other things that Tanner was trespassing on its property.
One can commit a trespass to real property by leaving something on another's land after the landowner has withdrawn his consent to its presence. Anchorage Yacht Haven Inc. v. Robertson, 264 So.2d 57 (Fla. 4th DCA 1972). In that scenario, the landowner's cause of action for trespass accrues, and the statute of limitations period begins, when he retracts his permission for the use of the property. Merrill Stevens Dry Dock Co. v. G & J Inv. Corp., Inc., 506 So.2d 30 (Fla. 3d DCA 1987).
Here, the circuit court posited that the limitations period for Garden Street's trespass action began in 1990, when Tanner retrieved some of the tires but left others behind. If so, Garden Street's suit would have been barred by the four-year limitations statute applicable to trespass actions. § 95.11(3)(g), Fla. Stat. (1995). But the record contained evidence that Garden Street consented to the presence of the remaining tires and did not withdraw its consent until August 1995, when it sent its demand for their removal. Under the reasoning of Merrill Stevens, only then did the limitations period begin. See also § 95.031, Fla. Stat. (1995). Therefore, Garden Street's October 1997 trespass count should have survived Tanner's motion for summary judgment.
Affirmed in part, reversed in part and remanded for further proceedings.
WHATLEY, A.C.J., and SILBERMAN, J., Concur.