878 So.2d 440 (2004)
John W. HACK, Tarinee Williams, et al., Appellants,
v.
Lorraine A. JANES, Appellee.
No. 5D03-3072.
District Court of Appeal of Florida, Fifth District.
July 16, 2004.
*441 Robert C. Wilkins, Jr., of Robert C. Wilkins, Jr., P.L., Maitland, for Appellants.
Jack B. Nichols, Orlando, for Appellee.
ORFINGER, J.
John W. Hack, Tarinee Williams, Alan Williams, Mary Ann Bertino, Diane Bertino, Dawn Bertino Mattson, and the Orlando Humane Society (Appellants), appeal an order of the probate court admitting Dorothy T. Helling's 1992 will to probate. Appellants, beneficiaries under Helling's 1990 will, challenged the probate of the 1992 will, contending that Helling lacked the testamentary capacity to execute it, and that Appellee, Lorraine Janes, exercised undue influence to procure the will under which she is a substantial beneficiary.
When this matter was first tried, at the close of Appellants' case, Janes, the proponent of Helling's 1992 will and Helling's personal representative, moved for a directed verdict.[1] The trial court granted *442 Janes's motion. On appeal, concluding that Appellants had presented a prima facie case of undue influence as required by In re Carpenter's Estate, 253 So.2d 697 (Fla.1971), we reversed the order admitting the 1992 will to probate, and remanded the matter for a new trial. See Hack v. Estate of Helling, 811 So.2d 822 (Fla. 5th DCA 2002) (Hack I). In so doing, we said that because Appellants had presented a prima facie case of undue influence on the part of Janes, the burden then shifted to Janes to overcome the presumption of undue influence. Following retrial, and after considering the evidence brought forth by Appellants and Janes, the trial court again admitted the 1992 will to probate. The trial court concluded that Helling was competent at the time the 1992 will was executed, and the "greater weight of the evidence show [ed] that ... Lorraine Janes did not unduly influence Dorothy T. Helling to execute [the 1992 will] and that she did not abuse any confidential relationship."[2] In this appeal, Appellants contend that the trial court's conclusions are not supported by competent, substantial evidence, and that the trial court failed to properly apply the revised presumption of the undue influence statute, section 733.107, Florida Statutes (2002), enacted subsequent to our opinion in Hack I. We disagree and affirm. Nonetheless, the effect of the revisions to section 733.107 merit discussion.
In will contests, the person opposing or seeking to revoke a will has the burden of producing evidence to support that position. See § 733.107, Fla. Stat. (2002). A rebuttable presumption of undue influence arises when someone in a fiduciary or confidential relationship actively procures a devise or gift in his or her favor. In Re Estate of Carpenter.
"A presumption is an assumption of fact which the law makes from the existence of another fact or group of facts found or otherwise established." § 90.301, Fla. Stat. (2002). "A presumption... requires that `once some fact ... is established, some other fact at issue ... must be deemed true, at least provisionally.'" State v. Rolle, 560 So.2d 1154, 1159 (Fla.1990) (Barkett, J., concurring specially). Section 90.304 provides that rebuttable presumptions not included within the definition of section 90.303, i.e., presumptions that implement public policy rather than being established primarily as procedural devises, are presumptions affecting the burden of proof or the burden of persuasion. § 90.304, Fla. Stat. (2002); see Charles E. Ehrhardt, Florida Evidence, § 304.1 (2004 ed.) However, "when proof is introduced of the basic facts giving rise to a section 90.302(2) presumption affecting the burden of proof, the presumption operates to shift the burden of persuasion regarding the presumed fact to the opposing party."[3]Id.
*443 Section 733.107, Florida Statutes (2002), provides:
(1) In all proceedings contesting the validity of a will, the burden shall be upon the proponent of the will to establish prima facie its formal execution and attestation. Thereafter, the contestant shall have the burden of establishing the grounds on which the probate of the will is opposed or revocation is sought.
(2) The presumption of undue influence implements public policy against abuse of fiduciary or confidential relationships and is therefore a presumption shifting the burden of proof under sections 90.301-90.304.

(emphasis added).
The 2002 amendment to section 733.107, adding subsection 2, was intended to incorporate sections 90.301-90.304 of the Florida Evidence Code, and require a shifting of the burden of proof after the presumption of undue influence arises in a will contest. The new statute supersedes Carpenter and Cripe v. Atlantic First National Bank, 422 So.2d 820 (Fla.1982), to the extent that they prohibit a shifting of the burden of proof in presumption of undue influence in cases. See Steven G. Nilsson, Florida's New Statutory Presumption of Undue Influence, 77 Fla. B.J. 20, 21 (2003). Because section 733.107(2) specifically mandates that the presumption shifts the burden of proof under sections 90.301 through 90.304 when a presumption of undue influence arises, as it did here, Janes, the alleged wrongdoer, bore the burden of proving that there was no undue influence. Nonetheless, Carpenter and Cripe live on, at least in part. As Nilsson correctly observes, "[t]hose portions of Carpenter and Cripe that prescribe the legal effect of the presumption of undue influence are superseded by the new statute. Those portions of Carpenter and Cripe that explain the circumstances giving rise to the presumption of undue influence are not superseded by statute."[4]Id. at 24 (footnotes omitted).
In Beal Bank, SSB v. Almand and Associates, 780 So.2d 45, 59 n. 20 (Fla.2001), the supreme court explained:
Pursuant to section 90.302(2), a presumption effecting the burden of proof *444 "imposes upon the party against whom it operates the burden of proof concerning the nonexistence of the presumed fact." Thus, when evidence rebutting such a presumption is introduced, the presumption does not automatically disappear. It is not overcome until the trier of fact believes that the presumed fact has been overcome by whatever degree of persuasion is required by the substantive law of the case. See generally Charles W. Ehrhardt, Florida Evidence, §§ 302.1, 302.2, 303.1, 304.1 (2000 ed.).
Finally, we are left with a question of the quantum of proof the proponent of a will must produce to overcome the presumption of undue influence. Appellants argue that the proponent of the will should be required to prove the non-existence of undue influence and abuse of a confidential relationship by clear and convincing evidence. They argue that a higher burden should be placed on those who claim substantial gifts under circumstances when a prima facie case of self-serving manipulation has been made. In support of their argument that Janes's evidentiary burden should be clear and convincing evidence, Appellants cite Caldwell v. Division of Retirement, Florida Department of Administration, 372 So.2d 438 (Fla.1979). In Caldwell, a firefighter, who suffered a heart attack, was denied disability in the line of duty benefits. The supreme court held that the statutory presumption, providing that any impairment of the health of a firefighter caused by heart disease, resulting in total disability, was suffered in the line of duty, could be overcome by the employer only by clear and convincing evidence. Id. at 441. While Caldwell is surely persuasive, we believe more on point is the supreme court's holding in Cripe, wherein the supreme court said that the trier of fact determines the question of undue influence by the preponderance (greater weight) of the evidence. See Cripe, 422 So.2d at 824. While sound policy arguments can be made to support Appellants' position regarding the amount of evidence needed to overcome a prima facie showing of undue influence, we believe that to be a matter better suited for the Legislature to address, not the courts. The preponderance or greater weight of the evidence is the generally accepted burden of proof in civil matters. See Seropian v. Forman, 652 So.2d 490, 494 (Fla. 4th DCA 1995); see also Wieczoreck v. H & H Builders, Inc., 475 So.2d 227, 227-28 (Fla.1985). Absent clear direction from the Legislature, we find no reason to deviate from that standard here.
We find no merit in the remaining issues raised by Appellants. Accordingly, the judgment is affirmed.
AFFIRMED.
SAWAYA, C.J., and PALMER, J., concur.
NOTES
[1] Since this was a non-jury trial, Janes should have moved for an involuntary dismissal, rather than a directed verdict. Rehab. Advisors, Inc. v. Floyd, 601 So.2d 1286 (Fla. 5th DCA 1992). In any event, the same law is applicable to both motions. Foster v. City of Gainesville, 579 So.2d 774 (Fla. 1st DCA 1991).
[2] A summary of the evidence put forth by Appellants can be found in Hack I. On retrial, Janes offered conflicting evidence.
[3] Sections 90.301 through 90.304 provide:

90.301. Presumption defined; inferences
(1) For the purposes of this chapter, a presumption is an assumption of fact which the law makes from the existence of another fact or group of facts found or otherwise established.
(2) Except for presumptions that are conclusive under the law from which they arise, a presumption is rebuttable.
(3) Nothing in this chapter shall prevent the drawing of an inference that is appropriate.
(4) Sections 90.301-90.304 are applicable only in civil actions or proceedings.
90.302. Classification of rebuttable presumptions
Every rebuttable presumption is either:
(1) A presumption affecting the burden of producing evidence and requiring the trier of fact to assume the existence of the presumed fact, unless credible evidence sufficient to sustain a finding of the nonexistence of the presumed fact is introduced, in which event, the existence or nonexistence of the presumed fact shall be determined from the evidence without regard to the presumption; or
(2) A presumption affecting the burden of proof that imposes upon the party against whom it operates the burden of proof concerning the nonexistence of the presumed fact.
90.303. Presumption affecting the burden of producing evidence defined
In a civil action or proceeding, unless otherwise provided by statute, a presumption established primarily to facilitate the determination of the particular action in which the presumption is applied, rather than to implement public policy, is a presumption affecting the burden of producing evidence.
90.304. Presumption affecting the burden of proof defined
In civil actions, all rebuttable presumptions which are not defined in s. 90.303 are presumptions affecting the burden of proof.
[4] The effect of the amended statute is "to make clear that the presumption of undue influence by an actively involved substantial beneficiary who is in a fiduciary or confidential relationship with the testator is a policy-based shifting of the burden of proof. This ensures that the presumption does not `vanish' upon production of rebuttal evidence by the proponent of the will." Fla. H.R. Comm. for Smarter Government, HB 1127 (2002) Staff Analysis 5 (Mar. 6, 2002).