884 So.2d 175 (2004)
Jean SHERRY, Appellant,
v.
REGENCY INSURANCE COMPANY a/s/f Thomas and Bobbie Riginos and Thomas and Bobbie Riginos, individually, Appellees.
No. 2D03-2038.
District Court of Appeal of Florida, Second District.
July 23, 2004.
*176 Hinda Klein of Conroy, Simberg, Ganon, Krevans & Abel, P.A., Hollywood, for Appellant.
Wayne C. Mineo of Mineo & Associates, P.A., Safety Harbor; and Stephen O. Cole of McFarlane Ferguson & McMullen, Clearwater, for Appellees.
DAVIS, Judge.
Jean Sherry challenges the summary judgments entered against her for damages caused when a washing machine hose in her condominium burst, flooding her unit and the condominium unit of Thomas and Bobby Riginos, which was located below Sherry's unit. We reverse and remand for further proceedings.
At the time of the incident, Sherry had lived in her condominium unit for approximately six years and had owned the washing machine for thirteen years. The washing machine hose burst while both Sherry and the Riginoses were on extended trips out of town. Sherry acknowledged that she did not turn the water off before she left town.
Although the Riginoses' insurer, Regency Insurance Company ("Regency"), paid policy limits on the Riginoses' claim, the Riginoses claimed below that their damages exceeded their coverage. Therefore, the complaint filed against Sherry was filed on behalf of both Regency as the subrogee of the Riginoses and the Riginoses individually (collectively referred to here as "Appellees"). The complaint alleged that Sherry was liable under one or more of four theories: strict liability, negligence for leaving the water on while away from home, negligence for failing to properly *177 maintain the washing machine hose, and trespass by permitting water to enter the Riginoses' condominium.
Both Sherry and the Riginoses moved for summary judgment, and after hearing the arguments of counsel, the trial judge concluded:
The product of the loss in this case was the water was going through your client's hose and she had control of that and, therefore, it seems to me she has to bear the responsibility for losses that were, you know, attended [sic] to that to that volume of water. I'm not sure whether you want to call it negligence or res ipsa loquitur or trespass. I think that you can call it all of those things or none of them or any of them. But the fact remains that as between these two parties, who should have to bear the risk of the damage that occurred to the plaintiffs' unit? And, obviously, it's not the plaintiff....
In our society, as between two innocent partiesand I believe she is perfectly innocent, she sure didn't intend for this to happenwho should bear the risk of loss? And, obviously, first of all, she should bear the risk of loss because, in all likelihood, she is not completely innocent in terms of the fact that there were matters under her control that would have prevented this and some indication that there was some warning through the manuals that this was something that should be done. And I can appreciate that there are other reasons why a hose can fail, but just suggesting that there are other reasons without having any evidence that there was a reason other than the fact that this has been on there 13 years and it had just gotten old and had used up its useful life, I don't think is sufficient. So I'm going to grant the summary judgment in [the plaintiffs'] favor.
After entering summary judgment, the trial court proceeded to the issue of damages and entered two final judgments: one in favor of Regency for $31,096.20 and one in favor of the Riginoses for $45,155.59. It is these two final judgments that Sherry now appeals.
We give de novo review to a trial court order granting a motion for summary judgment. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126 (Fla.2000). A summary judgment is properly entered when the record discloses (1) that no genuine issues of material fact remain, and (2) that the movant is entitled to judgment as a matter of law. Holl v. Talcott, 191 So.2d 40 (Fla.1966). Neither requirement has been demonstrated here.
We turn first to the theory that Sherry was strictly liable for the damage. Although it is not entirely clear from the trial court's comments whether the court believed that strict liability applied, the law is clear that strict liability does not apply to damages resulting from water in household pipes. See Cities Serv. Co. v. State, 312 So.2d 799, 800 (Fla. 2d DCA 1975) (citing with approval the list contained in W. Prosser, The Law of Torts, § 78 (4th ed.1971), which excludes from strict liability those claims arising from water in household pipes). Therefore, to the extent that the trial court concluded that Appellees were entitled to judgment as a matter of law based on a strict liability theory, that determination was in error.
However, neither was summary judgment properly entered based on Sherry's alleged negligence in leaving the water on or in failing to properly maintain the washing machine hose. Noting the age of the hose and the suggestions contained in the washing machine manuals submitted below by Appellees, the trial court ruled that since there was no evidence that the hose *178 would burst for any other reason, Sherry was negligent. The judge then remarked, however, that he was not sure if this was proven negligence, inferred negligence by the application of res ipsa loquitur, or liability based on trespass. Our review of the record reveals that genuine issues of material fact remained on one of these theories and that Appellees were not entitled to judgment as a matter of law on the remaining two issues, thus rendering summary judgment improper as to all three theories.
As to proven negligence, the question of whether Sherry had a duty to turn off the water based on directions contained in the washing machine manuals was a matter for the finder of fact since Sherry claimed not to have ever possessed such manuals. Similarly, whether Sherry failed to properly maintain the hose was an issue for the finder of fact that was not resolved on the record. Accordingly, summary judgment was improper based on the proven negligence of Sherry.
The entry of summary judgment was also improper based on the theory of res ipsa loquitur because even if the theory applied here, which the trial court did not decide, the doctrine of res ipsa loquitur creates only a rebuttable inference of negligence; it is not sufficient in itself to support a summary judgment. See Magic Oriental Rugs, Inc. v. Komorowski, 618 So.2d 322 (Fla. 3d DCA 1993).
Finally, Appellees were not entitled to judgment as a matter of law on the basis of trespass because trespass does not apply absent a showing of strict liability or negligence. The Restatement (Second) of Torts section 166 (1965) states:
Except where the actor is engaged in an abnormally dangerous activity, an unintentional and non-negligent entry on land in the possession of another ... does not subject the actor to liability to the possessor, even though the entry causes harm to the possessor or to a thing ... in whose security the possessor has a legally protected interest.
Thus, in the absence of strict liability or negligence, neither of which are present here, summary judgment could not be entered for trespass.
Because the record does not demonstrate that Appellees were entitled to judgment as a matter of law and because genuine issues of material fact remain, the trial court erred in entering summary judgment in favor of Appellees. Accordingly, we reverse.
Reversed and remanded for further proceedings.
NORTHCUTT and STRINGER, JJ., Concur.