974 So.2d 569 (2008)
RBC MINISTRIES, Appellant,
v.
Barbara TOMPKINS, as personal representative of the estate of Lewis A. Simoneau, Appellee.
No. 2D07-256.
District Court of Appeal of Florida, Second District.
February 15, 2008.
*570 John T. Mulhall III of Rutherford Mulhall, P.A., Boca Raton, for Appellant.
Diane E. McGill, Winter Haven, for Appellee.
CANADY, Judge.
RBC Ministries appeals a final summary judgment entered in favor of Barbara Tompkins, as personal representative of the estate of Lewis A. Simoneau, on RBC Ministries' petition to revoke probate of will. We reverse the summary judgment as it relates to RBC Ministries' claim that the will was obtained by undue influence, and we remand for further proceedings on that issue. We affirm without comment on the remaining issues raised by RBC Ministries.

I. Background

Tompkins obtained a trial court order admitting a will of the decedent, Lewis A. Simoneau, into probate and appointing her as the personal representative of the decedent's estate. The will was executed in November 2004 and named Tompkins as a residual beneficiary. In June 2005, RBC Ministries filed its petition for revocation of probate of will on the grounds that the decedent did not have the testamentary capacity to execute the will and that the will was procured by undue influence. RBC Ministries alleged that it was the residual beneficiary under a will and trust executed by the decedent in September 1997.
Tompkins filed a motion for summary judgment on the basis that RBC Ministries could not prove the grounds for revocation. Concluding that "there is no material issue *571 of fact showing that the Last Will and Testament was procured by undue influence," the trial court granted Tompkins' motion. RBC Ministries now appeals, claiming that the trial court erred in granting a motion for summary judgment when the undisputed facts established a presumption of undue influence by Tompkins over the decedent. RBC Ministries claims that when such a presumption arises, summary judgment should not be granted in favor of the party who has the burden of overcoming the presumption.

II. Analysis

A. The Summary Judgment Standard

An order granting summary judgment is reviewed de novo. Sherry v. Regency Ins. Co., 884 So.2d 175, 177 (Fla. 2d DCA 2004). "A summary judgment is properly entered when the record discloses (1) that no genuine issues of material fact remain, and (2) that the movant is entitled to judgment as a matter of law." Id. (citing Holl v. Tal-Gott, 191 So.2d 40, 43 (Fla.1966)); see also Fla. R. Civ. P. 1.510(c). "When reviewing a summary judgment, we must view the facts in the light most favorable to the nonmoving party." Garden St. Iron & Metal, Inc. v. Tanner, 789 So.2d 1148, 1149 (Fla. 2d DCA 2001). Summary judgment is only appropriate if the moving party has met the burden of conclusively proving the nonexistence of "genuine triable issues." Holl, 191 So.2d at 43.
Of particular relevance here is the rule that where there is evidence supporting the existence of a rebuttable presumption with respect to a material issue and the moving party bears the burden of disproving the presumed fact, the moving party is precluded from obtaining summary judgment. Determining whether such a presumption has been rebutted requires a "weighing [of] the available evidence against the presumption," which cannot appropriately be undertaken in summary judgment proceedings. Heisig v. Heisig (In re Estate of Short), 620 So.2d 1106, 1106 (Fla. 4th DCA 1993).

B. Undue Influence

A willor a portion thereofprocured by undue influence is void. § 732.5165, Fla. Stat. (2005). "Undue influence comprehends overpersuasion, coercion, or force that destroys or hampers the free agency and will power of the testator." Newman v. Smith, 77 Fla. 633, 667 and 668, 82 So. 236, 246 (1918).
"[I]f a substantial beneficiary under a will occupies a confidential relationship with the testator and is active in procuring the contested will, the presumption of undue influence arises." Carpenter v. Carpenter (In re Estate of Carpenter), 253 So.2d 697, 701 (Fla.1971). The supreme court has provided the following nonexclusive list of criteria which are relevant to determining whether a beneficiary has been active in procuring a will:
(a) presence of the beneficiary at the execution of the will; (b) presence of the beneficiary on those occasions when the testator expressed a desire to make a will; (c) recommendation by the beneficiary of an attorney to draw the will; (d) knowledge of the contents of the will by the beneficiary prior to execution; (e) giving of instructions on preparation of the will by the beneficiary to the attorney drawing the will; (f) securing of witnesses to the will by the beneficiary; and (g) safekeeping of the will by the beneficiary subsequent to execution.
Carpenter, 253 So.2d at 702. Will contestants are not "required to prove all the listed criteria to show active procurement." Id. Indeed, "it will be the rare case in which all the criteria will be present." Id.
*572 The rebuttable "presumption of undue influence implements public policy against abuse of fiduciary or confidential relationships and is therefore a presumption shifting the burden of proof." § 733.107(2), Fla. Stat. (2005). Such a presumption "affecting the burden of proof"as distinct from a presumption affecting the burden of producing evidence "imposes upon the party against whom it operates the burden of proof concerning the nonexistence of the presumed fact." § 90.302(2), Fla. Stat. (2005), Accordingly, once a will contestant establishes the existence of the basis for the rebuttable presumption of undue influence, the burden of proof shifts to the proponent of the will to establish by a preponderance of the evidence the nonexistence of undue influence. Diaz v. Ashworth, 963 So.2d 731, 735 (Fla. 3d DCA 2007); Hack v. Janes, 878 So.2d 440, 443-44 (Fla. 5th DCA 2004).

C. The Instant Case:

The Presumption of Undue Influence Precluded Summary Judgment
Here, evidence was presented showing that Tompkins is a substantial beneficiary under the will and that Tompkins had a confidential relationship with the decedent. In fact, Tompkins does not challenge this evidence. Instead, Tompkins contends that RBC Ministries failed to show that she exercised such influence over the decedent that his free agency and will power were overborne. Based on the evidence that she presented tending to show that the decedent was coherent, alert, and aware, Tompkins asserts that she rebutted the presumption of undue influence and that the burden therefore shifted to RBC Ministries to show by a preponderance of the evidence that undue influence occurred. Tompkins' argument on these points is unsuccessful.
Contrary to Tompkins' argument, the granting of summary judgment to Tompkins on the undue influence issue could not be justified if Tompkins failed to establish beyond dispute that' the presumption of undue influence did not arise. Given her concession that she is a substantial beneficiary and that she had a confidential relationship with the decedent, to show that the presumption of undue influence did not arise, Tompkins must establish that the evidence shows without dispute that she was not "active in procuring the contested will." Carpenter, 253 So.2d at 701.
On the active procurement issue, the record before the trial court shows the following facts; Tompkins was present at the execution of the will. She was present when the decedent expressed a desire to make a will. She did not recommend an attorney to draft the will, but she herself drafted the will on her home computer. Because she drafted the will, she was aware of the contents of the will before it was executed. Tompkins secured the witnesses to the will, but the witnesses were neutral parties. Finally, Tompkins had possession of the will after its execution.
Accordingly, the circumstances identified in Carpenter's criteria (a), (b), (d), (f), and (g) are all present here. Circumstances similar tobut, in fact, more egregious thanthe circumstances identified in criteria (c) and (e) are also present here. In view of these facts, there is no basis for concluding that Tompkins established beyond dispute that she was not active in procuring the contested will. Given Tompkins' conceded status as a substantial beneficiary under the will, her admitted confidential relationship with the decedent, and her failure to show beyond dispute that she was not active in procuring the will, Tompkins did not establish that the presumption of undue influence had not arisen. See id. at 702 (holding that "at least *573 four of the factors" regarding active procurement were "sufficient to raise the presumption of undue influence" where the beneficiary was a substantial beneficiary who had a confidential relationship with the decedent).
"[O]nce the presumption arises, the undue influence issue cannot be determined in a summary judgment proceeding." Allen v. In re Estate of Dutton, 394 So.2d 132, 135 (Fla. 5th DCA 1981). "[A] summary judgment cannot be entered in favor of one who has the burden of overcoming the presumption of undue influence for such proceeding does not afford the contesting party the right of cross-examination and an opportunity to present rebuttal testimony." Knight v. Knight (In re Estate of Knight), 108 So.2d 629, 631 (Fla. 1st DCA 1959). Instead, "the proponent of the contested will must come forward with a reasonable explanation of his active role in the decedent's affairs," and "the trial court is left to decide the case in accordance with the greater weight of the evidence." Allen, 394 So.2d at 135.

III. Conclusion

The trial court erred in entering a summary judgment on the issue of undue influence. Therefore, we reverse the trial court's order and remand for further proceedings. "In remanding this matter for trial we do not intend to suggest in any way the proper disposition to be made by the trial court in light of such evidence as may be formally presented." Allen, 394 So.2d at 135.
Affirmed in part; reversed in part; remanded.
FULMER and CASANUEVA, JJ., Concur.