558 So.2d 181 (1990)
Edmund NOWICKI, Appellant,
v.
ST. PETERSBURG KENNEL CLUB and Feisco, Appellees.
No. 89-1638.
District Court of Appeal of Florida, First District.
March 16, 1990.
*182 Edmund Nowicki, pro se.
James T. Earle of Earle & Thompson, St. Petersburg, for appellees.
JOANOS, Judge.
Edmund Nowicki has appealed an order of the judge of compensation claims denying his claim for wage loss benefits. We reverse, and remand for further findings.
Nowicki injured his left knee and cervical spine in a fall at work on February 27, 1987. He returned to light work with the employer until the track closed for the season on September 30, 1987. Nowicki testified that he thereafter looked for work at various shops and convenience stores until he entered the hospital for unrelated cancer treatment in November 1988. This testimony is corroborated by extensive job search lists for June, July and September 1988. It was also Nowicki's uncontroverted testimony that he informed prospective employers about his knee injury, and that he was not hired because of it.
Nowicki represented himself at the hearing on his claim for wage loss benefits for the period commencing October 1, 1987. At the pre-trial conference, counsel for the employer/carrier refused to stipulate into evidence uncertified documentation consisting primarily of the determination by the Social Security Administration that Nowicki was disabled, and certain VA hospital records. Nowicki was equally unsuccessful at obtaining admission of these documents at the hearing.
The judge thereafter entered an order finding that Nowicki had reached maximum medical improvement on June 2, 1987 with a 5% permanent impairment as a result of the injury to his left knee. However, he went on to state that permanent impairment did not entitle Nowicki to benefits in the absence of "medical indication of inability to work or restrictions." Because none of Nowicki's doctors had opined inability to work or placed any work-related restriction on him, the claim for wage loss benefits was denied.
The burden of proof is on the claimant to prove all elements of his wage loss claim, including the most basic element, "that his physical limitations subsequent to his accident were a contributing causal factor in his alleged wage loss." Glades Correctional Institution v. Bukowski, 528 So.2d 58, 59 (Fla. 1st DCA 1988). While it is true that there was no medical evidence that Nowicki was unable to return to and perform his prior job, his burden was only to present competent evidence which reasonably permitted the conclusion that his compensable physical limitation was an element in the causal chain resulting in or contributing to the wage loss. Bukowski at 60 (emphasis supplied).
Here, Nowicki testified that he conducted an unsuccessful job search from October 1, 1987 to November 1, 1988, during which he informed prospective employers about his injury. This testimony was supported by extensive job search lists for the months of June, July and September 1988. However, the judge failed to address this unsuccessful search as evidence that the injury was "an element in the causal chain contributing to the wage loss," but rather rejected the claim on the sole ground that no medical employment restrictions had been placed on Nowicki.
Although the trier of fact may judge the credibility of the witnesses appearing before him, and reject their testimony in whole or in part, if the judge's written findings fail to inform a reviewing court whether the judge properly considered all of the circumstances relating to the adequacy of the claimant's efforts to establish wage loss, the court's order must then be reversed and the cause remanded for additional *183 findings, so that the judge's conclusion can be explained in greater detail. Grace v. Collier County School Board, 552 So.2d 961, 961-63 (Fla. 1st DCA 1989) (emphasis in original). The order denying Nowicki's claim for wage loss benefits is therefore reversed, and the case remanded for additional findings with regard to the impact of Nowicki's unsuccessful job search on his wage loss claim.
We note that the primary issue raised by Nowicki in his pro se brief is the judge's failure to admit the aforementioned uncertified documentation over the employer/carrier's hearsay objection. We find no error in the judge's ruling on that point.
Affirmed in part, reversed in part and remanded.
SHIVERS, C.J., and ZEHMER, J., concur.