MINER, Judge,
concurring in part and dissenting in part.
The JCC denied the claim for temporary total disability or temporary partial disability benefits from March 14, 1991, through April 29, 1991, on the ground that “there is no medical evidence to substantiate her entitlement.” I would reverse this portion of the JCC’s order because such an explanation is legally insufficient to support the denial of benefits.
Claimant was injured on February 14, 1991, when she slipped in a puddle of water while working as a manicurist and pedicurist. Claimant was unable to work for about three weeks after her accident. Dr. Sanchez-Lopez opined that claimant could return to work on March 5, 1991, and was able to perform her regular duties without restriction. Prior to her accident, claimant was the only manicurist/pedicurist employed by the employer. Because claimant was unable to work for three weeks the employer hired another to fill her position. Claimant testified that upon her return to work the employer was directing most of the business to her replacement. Claimant worked approximately five more weeks before changing jobs. The JCC found that claimant earned $400.00 per week prior to her accident and only $100.00 per week after her return to work.
Generally, an award of TTD or TPD benefits requires medical evidence of claimant’s inability to work, or evidence of a good faith work search. Philpot v. City of Miami 541 So.2d 680, 682 (Fla. 1st DCA 1989). Nonetheless, the denial of such benefits should be reversed because the JCC’s order suggests the application of an incomplete and therefore erroneous legal test for entitlement to TTD or TPD benefits. Under Florida’s workers’ compensation law, “disability” is an economic concept, i.e., wage loss resulting from a compensable injury, not a medical concept. See § 440.02(11), Florida Statutes (1991). Thus, injuries that result in medical disability but no wage loss will not give rise to an award of wage loss benefits. The inverse corollary of this rule is that where an injury results in no physical limitation but results in actual wage loss, the claimant has sustained a “disability” under chapter 440. The applicable statutory provision is Section 440.15(4), Florida Statutes (1991), which provides in pertinent part:
(b) Whenever a temporary partial wage-loss benefit as set forth in paragraph (a) may be payable, the burden shall be on the employee to establish that any wage loss claimed is the result of the compensable injury. It shall also be the burden of the employee to show that his inability to obtain employment or to earn as much as he earned at the time of his industrial accident is due to physical limitation related to his accident and not because of economic conditions or the unavailability of employment or his own misconduct.
*112 Although the statute requires that the claimant’s diminished earning capacity must be “due to” the physical limitation, the claimant need only show “that his physical limitations subsequent to his accident were a contributing causal factor in his alleged wage loss.” Nowicki v. St. Petersburg Kennel Club, 558 So.2d 181 (Fla. 1st DCA 1990) (citing Glades Correctional Institution v. Bukowski, 528 So.2d 58, 59 (Fla. 1st DCA 1988)). The existence of a causal connection between claimant’s physical limitation and loss of earnings is a factual question to be determined by the JCC based upon the totality of the circumstances. Davis v. Broward County Health Department, 570 So.2d 371 (Fla. 1st DCA 1990); see also Coplin v. State, Dept. of HRS, 627 So.2d 1282, 1286 n. 2 (Fla. 1st DCA 1993) (citing Williams Roofing, Inc. v. Moore, 447 So.2d 968, 972 (Fla. 1st DCA 1984)). Examining the present facts under the appropriate rule of law, the JCC could have found that even though claimant was able to return to work without restriction or without physical limitation after three weeks, the physical limitation suffered during the initial three week period prompted the employer to hire a replacement worker and contributed to the division of the workload upon claimant’s return to duty, thereby resulting' in claimant’s diminished earnings. Stated alternatively, the JCC could have found that claimant’s physical inability to work for three weeks due to her compensa-ble accident was an element in the causal chain resulting in or contributing to her subsequent wage loss. I would direct the JCC to reconsider this issue in light of the cited authority.
On another point, the JCC awarded TPD ' benefits for the period April 29, 1991, through November 4, 1991. I would affirm this award but remand for reconsideration of the JCC’s denial of statutory penalties and interest on the award consistent with Hulbert v. Avis Rent-A-Car Systems, 469 So.2d 235 (Fla. 1st DCA 1985).