692 So.2d 287 (1997)
BOB WILSON DODGE and Claims Center, Appellants,
v.
Shaffie MOHAMMED, Appellee.
No. 96-3369.
District Court of Appeal of Florida, First District.
April 28, 1997.
*288 Ivan Matusek and Robert A. Arthur of Matusek, McKnight, Poluse & Cangro, P.A., St. Petersburg, for Appellants.
Enrique Escarraz, III, St. Petersburg; and Alexandra DeMaio and Sharon P. Jorgensen of Winn & Jorgensen, P.A., St. Petersburg, for Appellee.
PER CURIAM.
Bob Wilson Dodge, Inc. and Claims Center (employer and servicing agent respectively, hereinafter "e/sa"), appeal an order awarding permanent total disability (PTD) benefits to Shaffie Mohammed ("claimant"). It is undisputed that the claimant suffered a compensable injury in the course and scope of his employment on April 27, 1994. However, e/sa argue that the claimant failed to carry his burden of proving entitlement to PTD benefits. We agree, and reverse.
Under the 1994 amendments to the Workers' Compensation Act, a claimant is not entitled to PTD benefits unless the compensable injury incurred in the course and scope of employment is a "catastrophic" injury, as defined in section 440.02(34), Florida Statutes (Supp.1994). These amendments did not alter the basic concept that the burden of proving entitlement to PTD benefits is on the claimant. See Vickers v. Emergency One, Inc., 680 So.2d 1076,1077 (Fla. 1st DCA 1996); Wal-Mart Stores, Inc. v. Liggon, 668 So.2d 259, 264-65 (Fla. 1st DCA 1996). The claimant must prove every element of his claim, including the most basic element of a causal connection between his compensable injury and the inability to earn which has entitled him to receive social security disability benefits. Cf. Nowicki v. St. Petersburg Kennel Club, 558 So.2d 181 (Fla. 1st DCA 1990) (claimant must prove all elements of wage loss claim, including the most basic element  that the physical limitations which stemmed from his accident were a contributing causal factor in the wage loss).
In the instant case, the claimant relied solely upon the fact that he has been awarded social security disability benefits to prove that he is permanently totally disabled. The JCC ruled that the claimant is entitled to PTD benefits based solely upon the determination that the claimant is disabled for purposes of the Social Security Act. The claimant has failed to demonstrate, and the JCC did not find, any connection between the award of those benefits and his compensable injury. Indeed, the JCC even acknowledged in the final order that the award letter was silent with regard to the basis for the Social Security Administration's decision to award benefits. Moreover, the finding of fact that the claimant is receiving social security disability benefits was based solely upon the aforementioned "award letter" which was improperly admitted over the e/sa's objection that it was not authenticated and therefore constituted hearsay. See Nowicki, supra at 183.
*289 E/sa also assert that the JCC erred in awarding PTD benefits because they had proven that the claimant is capable of substantial gainful employment by means of offering the claimant a job purportedly within his physical restrictions. See 440.15(1)(b), Florida Statutes (Supp.1994) ("Only a catastrophic injury as defined in s. 440.02 shall, in the absence of conclusive proof of a substantial earning capacity, constitute permanent total disability.") (emphasis added). The claimant argues that the job offer from the employer is irrelevant because the position was sheltered employment. However, the JCC did not address the question whether the offered position constituted evidence that the claimant remains capable of substantial ability to earn, or was, in contrast, sheltered employment. On remand, if the JCC determines that the claimant is eligible for PTD benefits by virtue of a catastrophic injury as defined in section 440.02(34), she must make findings of fact regarding the e/sa's defense that the claimant retains substantial earning capacity.
Accordingly, this case is REVERSED and REMANDED for further proceedings consistent with this opinion.
BARFIELD, C.J., and KAHN and DAVIS, JJ., concur.