PER CURIAM.
The employer/carrier appeal a workers’ compensation order awarding permanent and total disability benefits to the claimant. Because there is evidence that the claimant has a substantial earning capacity, we reverse.
In early 1994, the claimant was injured in the course and scope of his employment. Diagnosed with carpal tunnel syndrome, the claimant underwent two carpal tunnel releases. After these surgeries, the claimant returned to the employer but was informed he no longer had a job.
Eventually, the claimant took a security guard course and obtained employment as a security guard. He successfully performed this job until his schedule was switched to days. Because health problems unrelated to his industrial injury prevented him from working days, the claimant quit the security guard position.
Section 440.15(l)(b), Florida Statutes (Supp.1994) states:
Only a catastrophic injury as defined in s. 440.02 shall, in the absence of conclusive proof of a substantial earning capacity, constitute permanent total disability. Only claimants with catastrophic injuries are eligible for permanent total benefits. In no other case may permanent total disability be awarded.
(Emphasis added). Under this section, the judge has no need to determine whether a claimant’s injury is catastrophic as defined in section 440.02(34), Florida Statutes if there is proof of a substantial earning capacity. In this case, the judge erroneously applied section 440.02 even though there was proof that the claimant had such an earning capacity.
The claimant’s industrial injury did not prevent him from performing the security guard position. In fact, he was successfully *933 performing this job until his schedule was changed and he decided to quit because of health problems which were unrelated to the industrial injury. This evidence is sufficient to prove a substantial earning capacity. Thus, the judge erred in awarding the claimant permanent and total disability benefits. See e.g. Brannon v. Tampa Tribune, 711 So.2d 97, 98 (Fla. 1st DCA 1998)(stating that “the classification of permanent total disability in section 440.15(1) assumes the injury has caused a total loss of the employee’s earning capacity”); United States Fidelity and Guaranty Ass’n v. Kemp, 658 So.2d 1212, 1213 (Fla. 1st DCA 1995)(stating the general proposition that “[a]n inability to engage in any meaningful employment would support the conclusion that one is permanently totally disabled”). Accordingly, we reverse the award of permanent and total disability benefits.
BOOTH, BENTON and PADOVANO, JJ., concur.