953 So.2d 597 (2007)
CITY OF TARPON SPRINGS and Florida League of Cities, Inc., Appellants,
v.
Michael VAPORIS, Appellee.
No. 1D06-2995.
District Court of Appeal of Florida, First District.
March 12, 2007.
Rehearing Denied April 12, 2007.
*598 Lamar D. Oxford and Alan D. Kalinoski, of Dean, Ringers, Morgan & Lawton, Orlando, for Appellants.
Jason L. Fox, of the Law Offices of Carlson & Meissner, Clearwater, for Appellee.
PER CURIAM.
Appellant seeks review of an award of benefits to Appellee/Claimant via application of the "firefighter's presumption," section 112.18, Florida Statutes (2005). We reverse, and address the proper application of this presumption.
Claimant began employment as a firefighter on January 27, 1986. His initial employment physical was partially administered ten days before he began working, and the remainder of the physical was completed fifteen days after he began working. On February 14, 2005, Claimant suffered a heart attack. In seeking workers' compensation benefits, he sought to *599 take advantage of section 112.18, which provides as follows:
Any condition or impairment of health of any . . . firefighter . . . caused by tuberculosis, heart disease, or hypertension resulting in total or partial disability or death shall be presumed to have been accidental and to have been suffered in the line of duty unless the contrary be shown by competent evidence. However, any such firefighter . . . shall have successfully passed a physical examination upon entering into any such service . . ., which examination failed to reveal any evidence of any such condition. . . .
§ 112.18, Fla. Stat. (2005).
Contrary to Appellant's position, we hold that the examination was successfully passed upon Claimant's entry into service as a firefighter. We distinguish Cumbie v. City of Milton, 496 So.2d 923 (Fla. 1st DCA 1986), on factual grounds, noting that the examination there was not given until two years after employment commenced. And we distinguish Sledge v. City of Fort Lauderdale, 497 So.2d 1231 (Fla. 1st DCA 1986), on legal grounds, noting that the characterization of the examination as "preemployment" is mere dicta, as the issue at hand was whether the statute of limitations had run.
We also hold that the firefighter's presumption merely switches the burden of proof from claimant to employer/carrier, and may be overcome by, as the statute plainly states, "competent evidence." In the instant case, it appears the judge of compensation claims (JCC) erroneously applied a greater burden of proof to the employer/carrier, as she explicitly stated that the sole medical testimony "[fell] far short of establishing that some other specific hazard or non-occupational hazard was the cause of claimant's disease." All that the statute requires to overcome the presumption is competent substantial evidence that convinces a JCC that the disease was caused by some non-work-related factor, not that it was caused by any sort of "specific hazard or non-occupational hazard," as the JCC concluded here.
Accordingly, we REVERSE the order and REMAND for the JCC to consider the evidence under the proper burden of proof.
BROWNING, C.J., WEBSTER and PADOVANO, JJ., concur.