980 So.2d 1250 (2008)
Graymond BUTLER, Appellant,
v.
CITY OF JACKSONVILLE, Appellee.
No. 1D06-5918.
District Court of Appeal of Florida, First District.
May 8, 2008.
*1251 James H. Daniel and John J. Schickel of Coker, Schickel, Sorenson & Daniel, P.A., Jacksonville, for Appellant.
Richard Mullaney, General Counsel, and Michael J. Arington, Jacksonville, for Appellee.

ON MOTION FOR CLARIFICATION
ROBERTS, J.
We deny the employer's motion for rehearing, motion for rehearing en banc, and motion for certification. Due to a scrivener's error, we grant the claimant's motion for clarification, withdraw our opinion filed on January 31, 2008, and substitute the following opinion in its place.
The claimant, Graymond Butler, appeals an order of the judge of compensation claims (JCC) denying his claim for permanent total disability (PTD) benefits resulting from his compensable accident of March 12, 1996. The claimant argues that he was entitled to the presumption that his peripheral vascular disease (PVD) was caused by his occupation as a firefighter. The claimant also argues that he was entitled to PTD benefits because his PVD met or equaled a listed impairment. We agree and reverse.

Presumption
Section 112.18(1), Florida Statutes (1996), also referred to as the "Heart/Lung Bill," provides in pertinent part:
Any condition or impairment of health of any Florida municipal . . . firefighter caused by tuberculosis, heart disease, or hypertension resulting in total or partial disability or death shall be presumed to have been accidental and to have been suffered in the line of duty unless the contrary be shown by competent evidence.
The statute applies to workers' compensation cases and provides for a presumption of compensability. See S. Trail Fire Control Dist. v. Johnson, 449 So.2d 947, 947 (Fla. 1st DCA 1984); Martin v. State, Dep't of Corr., 890 So.2d 1238, 1238 (Fla. 1st DCA 2005); see also § 440.09(1), Fla. Stat. (2001) (prescribing that an employer must pay compensation or furnish benefits if an employee suffers an accidental injury or death arising out of work performed in the course and the scope of employment).
In Caldwell v. Division of Retirement, 372 So.2d 438, 440-41 (Fla.1979), the Florida Supreme Court explained that the presumption
embodies the social policy of the state which recognizes that firemen are subjected during their career to the hazards of smoke, heat, and nauseous fumes from all kinds of toxic chemicals as well as extreme anxiety derived from the necessity of being constantly faced with the possibility of extreme danger. The legislature recognized that this exposure could cause a fireman to become the victim of tuberculosis, hypertension, or heart disease.
Thus, based upon a claimant's occupation as a firefighter, the presumption relieves the claimant from the necessity of proving an occupational causation of the disease resulting in disability or death. Id. at 441. The presumption switches the burden of proof from the claimant to the employer and may be overcome by clear and convincing evidence that the disease was caused by a specific non-work-related event or exposure. Id.
In the instant case, the JCC neither applied the presumption nor made any findings that the employer rebutted the presumption. This was error. Both the claimant and the employer presented evidence that the claimant's PVD was caused by his atherosclerosis which was, in *1252 turn, caused by his hypertension. The employer concedes that the claimant was entitled to the presumption as to his hypertension. The employer did not present any evidence, let alone clear and convincing evidence, that the claimant's PVD was caused by a specific non-work-related event or exposure. Thus, the claimant was entitled to the presumption that his PVD was caused by his occupation as a firefighter.

PTD Benefits
A claimant is entitled to PTD benefits only if he can show that he has suffered a catastrophic injury. See § 440.15(1)(b), Fla. Stat. (1996). A catastrophic injury is defined, inter alia, as any injury that would otherwise qualify a claimant to receive Social Security disability income benefits under the federal Social Security Act as the Act existed on July 1, 1992. See § 440.02(34)(f), Fla. Stat. (1996). The claimant bears the burden of proving that he would otherwise qualify for Social Security disability income benefits by being disabled within the meaning of the Act. See 9 Fla. Prac., Workers' Comp. With Forms § 20:4 (2007 ed.). To prove such disability, a five-step sequential inquiry is made. See 20 C.F.R. § 404.1520(a)-(f) (1992); 9 Fla. Prac., Workers' Comp. With Forms § 20:4 (2007 ed.).
The first step of the inquiry asks whether the claimant is performing substantial gainful employment. See 20 C.F.R. § 404.1520(b) (1992). If the claimant is performing substantial gainful employment, the inquiry stops there and the claimant is not found to be disabled. See id. If, however, the claimant is not performing substantial gainful employment, the inquiry moves on to the second step. See id.
The second step asks whether the claimant has a severe impairment which significantly limits his physical or mental ability to do basic work activities. See 20 C.F.R. § 404.1520(c) (1992). If the claimant does not have severe impairment, the inquiry stops there and the claimant is not found to be disabled. If, however, the claimant does have a severe impairment, the inquiry moves on to the third step. See id.
The third step asks whether the claimant has a severe impairment that meets or equals a listed impairment in 20 C.F.R., Part 404, Subpart P, Appendix 1. See 20 C.F.R. § 404.1520(d) (1992). If the claimant has a severe impairment that meets or equals one of the listed impairments, the claimant is found to be disabled without any further inquiry. See id. If, however, the claimant does not have a severe impairment that meets or equals a listed impairment, the inquiry moves on to the fourth step. See id.
The fourth step asks whether the claimant can perform past relevant work. See 20 C.F.R. § 404.1520(e) (1992). If the claimant can perform past relevant work, the inquiry stops there and the claimant is not found to be disabled. See id. If, however, the claimant cannot perform past relevant work, the inquiry moves on to the fifth step. See id.
The fifth step asks whether, based on the claimant's age, education, and work experience, the claimant can perform other similar work found in significant numbers in the national economy. See 20 C.F.R. § 404.1520(f) (1992); 20 C.F.R. § 404.1560(c) (1992). If the claimant can perform other similar work, the claimant is not found to be disabled. See id. If, however, the claimant is not able to perform other similar work, the claimant is found to be disabled. See id.
In the instant case, the JCC denied the claim for PTD benefits despite having found that the claimant's PVD met a listed *1253 impairment under the third step of the inquiry. Although not acknowledged by the JCC in his final order, by finding that the claimant met a listed impairment, the JCC should have found the claimant disabled without any further inquiry. The JCC, however, went on to the fourth and fifth steps and found that the claimant was not disabled under the fifth step. This was error. It appears from the final order that the JCC did so because he concluded that the claimant's PVD did not result from the claimant's occupation as a firefighter. As discussed previously, the claimant was entitled to the presumption that his PVD was caused by his occupation as a firefighter. Therefore, the JCC erred in denying the claim for PTD benefits.
REVERSED and REMANDED with directions to the JCC to award the claimant PTD benefits.
BROWNING, C.J., concurs; KAHN, J., concurs with opinion.
KAHN, J., concurring.
As observed by the majority, this court holds that the presumption created by section 112.18(1), Florida Statutes, applies in workers' compensation cases. See S. Trail Fire Control Dist. v. Johnson, 449 So.2d 947 (Fla. 1st DCA 1984). In my view, this case must be reversed because the Judge of Compensation Claims failed entirely to credit the presumption and, in essence, treated this as a normal workers' compensation case in which causation would be an open issue. I, therefore, agree with the majority as to the result.
I do not agree with the majority's inclusion of the sentence reading, "[t]he employer did not present any evidence, let alone clear and convincing evidence, that the claimant's PVD was caused by a specific non-work-related event or exposure." Op. at 1252. First, this observation, insofar as it purports to reflect a required quantum of proof, is dicta, because the employer presented no competent evidence on an issue as to which it had the burden. Second, this statement conflicts directly with this court's pronouncement in City of Tarpon Springs v. Vaporis, 953 So.2d 597, 599 (Fla. 1st DCA 2007): "All that the statute requires to overcome the presumption is competent substantial evidence that convinces a JCC that the disease was caused by some non-work-related factor. . . ." See also Saldana v. Miami-Dade County and Div. of Risk Mgmt., 978 So.2d 823 (Fla. 1st DCA 2008). Our holding in Vaporis was true to section 112.18(1), which, in pertinent part, provides that the presumption of industrial causation set up by that statute prevails, "unless the contrary be shown by competent evidence." I recognize that the supreme court, in Caldwell v. Division of Retirement, stated that in a disability retirement case, the State must, in order to rebut the statutory presumption, "show that the disease causing disability or death was caused by a specific, non-work related event or exposure." 372 So.2d 438, 441 (Fla.1979). The language selected by our supreme court does not, with all respect, seem to have any particular reference to the statute it was construing. Moreover, this court established precedent in Vaporis that we should follow. I would have no objection, in an appropriate case, to certifying an appropriate question to the Florida Supreme Court concerning construction and application of the statute in workers' compensation cases. In the meantime, I cannot agree with the language I have previously identified. Accordingly, I concur in result.