BENTON, J.,
concurring in the judgment.
Until and unless the supreme court modifies its decision in Caldwell v. Division of Retirement, Florida Department of Administration, 372 So.2d 438 (Fla.1979), or the Legislature amends section 112.18(1), Florida Statutes, we are bound to follow Caldwell. See Hoffman v. Jones, 280 So.2d 431, 440 (Fla.1973). While suggesting that Caldwell was wrongly decided to begin with, the per curiam opinion purports to accept this proposition. In at least one respect, however, the per curiam opinion misreads Caldwell: The view that a claimant entitled to the section 112.18(1) presumption must buttress the presumption with medical evidence linking the tuberculosis, heart disease, or hypertension to his or her employment before the employer must shoulder the burden to present clear and convincing evidence of specific, non-industrial causation to rebut the presumption is at odds with the rule laid down in Caldwell.
The majority opinion seems to say thát the employer can rebut the statutory presumption by a mere preponderance of the evidence, where there is no medical evidence (which the judge of compensation claims finds credible) that a claimant’s disabling disease or condition was in fact “suffered in the line of duty.” § 112.18(1), Fla. Stat. (2005). See ante at 582-83. On this point, the majority opinion relies on the Caldtuell court’s statement that “if there is evidence supporting the presumption the employer can overcome the presumption only by clear and convincing evidence.” Caldwell, 372 So.2d at 441. But the clause “if there is evidence supporting the presumption” should be read to mean “if there is evidence that gives rise to the presumption.” See id. at 440 (“A presumption has been defined as an inference required by a rule of law to be drawn as to the existence of one fact from the existence of some other established basic fact or combination of facts.” (citing 3 B. Jones, Jones on Evidence § 3.1 (6th ed. 1972))). See also Black’s Law Dictionary 1205 (7th ed. 1999) (defining a rebuttable presumption as an “inference drawn from certain facts that establish a prima facie case, which may be overcome by the introduction of contrary evidence.”).
The only “evidence supporting the presumption” that the statute requires is proof that the claimant was employed as a law enforcement officer, fireman or other covered employee, that he suffered from a condition or impairment caused by tuberculosis, heart disease or hypertension which resulted in disability or death, and that he had passed a physical examination upon entering into service as a law enforcement officer or other covered position, which failed to reveal any evidence of the disabling disease. See § 112.18(1), Fla. Stat. (2005). Upon such proof, a claimant is entitled to the presumption that his subsequently occurring disease is work-related unless and until the presumption is rebutted by clear and convincing evidence. See Caldwell, 372 So.2d at 441. All agree that Officer Punsky is entitled to the presumption in the present case.
As we recently said in Butler v. City of Jacksonville, 980 So.2d 1250, 1251 (Fla. 1st DCA 2008) (on motion for clarification):
*586 In Caldwell v. Division of Retirement, 372 So.2d 438, 440-41 (Fla.1979), the Florida Supreme Court explained that the presumption embodies the social policy of the state which recognizes that firemen are subjected during their career to the hazards of smoke, heat, and nauseous fumes from all kinds of toxic chemicals as well as extreme anxiety derived from the necessity of being constantly faced with the possibility of extreme danger. The legislature recognized that this exposure could cause a fireman to become the victim of tuberculosis, hypertension, or heart disease.
The statute creates the same presumption for law enforcement personnel as for firefighters. For both, therefore, we held in Butler that
the presumption relieves the claimant from the necessity of proving an occupational causation of the disease resulting in disability or death. [Caldwell, 372 So.2d] at 441. The presumption switches the burden of proof from the claimant to the employer and may be overcome by clear and convincing evidence that the disease was caused by a specific non-work-related event or exposure. Id.
Butler, 980 So.2d at 1251. In doing so, we followed the forty-year old rule the supreme court laid down in Caldwell.
Neither the statute nor Caldwell requires claimant to present medical or other credible evidence of non-industrial causation in order to enjoy the full benefit of the presumption — evidence the statute was designed to relieve a claimant from the need to introduce. See Caldwell, 372 So.2d at 441. (“The statutory presumption relieve[s] [a claimant] from the necessity of proving an occupational causation of heart disease. The statute cast[s] on the employer the burden of persuading the trier of fact that the disease was caused by a non-occupationally related agent.”); Bivens v. City of Lakeland, 993 So.2d 1100, 1102 (Fla. 1st DCA 2008). Caldwell establishes the quantum of evidence an employer must adduce in order to rebut the section 112.18(1) presumption — something the statute itself concededly does not specify. As a practical matter, requiring testimony of the kind the per curiam opinion contemplates, viz., “that recent employment stress or employment stress over a period of time caused the attack in whole or in part,” ante p. 581 (quoting Caldwell v. Div. of Retirement, 344 So.2d 923, 924 (Fla. 1st DCA 1977)), will add to the costs of the determination without a concomitant increase in reliability. As a theoretical matter, requiring different evidentiary standards for rebutting the same presumption may be unprecedented.
This is not to say that a claimant will not need to put on evidence to prevail if and when an employer adduces evidence that would, unless itself rebutted, clearly and convincingly establish that the disabling condition “was caused by a specific, non-work related event or exposure.” Caldwell, 372 So.2d at 441. In the present case, the judge of compensation claims, explicitly applying a “clear and convincing” standard, credited the employer’s evidence rebutting the presumption and found against the claimant. Our “task ... is not to conduct a de novo proceeding, reweigh the testimony and evidence given at the trial court, or substitute our judgment for that of the trier of fact,” In re Adoption of Baby E.A.W. v. J.S.W., 658 So.2d 961, 967 (Fla.1995), but to ascertain whether there is “competent substantial record evidence which the judge could reasonably find to be clear and convincing.” Walgreen Co. v. Carver, 770 So.2d 172, 175 (Fla. 1st DCA 2000) (quoting Jacaranda Manor v. Randolph, 755 So.2d 781, 782 (Fla. 1st DCA *587 2000)). On this basis, the order denying benefits should be affirmed.