PER CURIAM.
In this workers’ compensation case, Claimant seeks review of an order denying a claim for permanent total disability (PTD) benefits, attorney’s fees, and costs. We reverse because the Judge of Compen *883 sation Claims (JCC) used an incorrect legal standard in denying PTD benefits.
The JCC denied the claim based on the erroneous assumption that, absent medical evidence of complete inability to work, a claimant is not entitled to PTD benefits without first performing a job search. The JCC stated in the final order:
The employee must establish that she is not able to engage in at least sedentary employment, within a 50 mile radius of her residence, due to her physical limitations. I interpret this to mean that, regardless of all vocational expert opinions, the burden rests on the shoulders of the injured employee to at least make a reasonable effort to secure employment if the evidence does not show her to be totally medically disabled. That the claimant here failed/refused to do a job search or to check any jobs made available to her negates an award of permanent total disability.*
Claimant was injured on February 20, 2004. As we noted in Garcia v. Fence Masters, Inc., 16 So.3d 200, 202 (Fla. 1st DCA 2009), for injuries occurring on or after October 1, 2003, the JCC must “consider not only physical restrictions, but also the vocational restrictions, if any, imposed on the individual seeking benefits.” See also Ferrell Gas v. Childers, 982 So.2d 36 (Fla. 1st DCA 2008); Wal-Mart Stores, Inc. v. Thompson, 974 So.2d 516, 517 (Fla. 1st DCA 2008). In Commercial Carrier Corp. v. LaPointe, 723 So.2d 912, 916-17 (Fla. 1st DCA 1999), we recognized three ways to prove entitlement to PTD benefits: “(1) evidence of permanent medical incapacity to perform even light work uninterruptedly; (2) evidence of permanent work-related physical restrictions coupled with an exhaustive but unsuccessful job search; or (3) evidence of permanent work-related physical restrictions that, while not alone totally disabling, do preclude performing light work uninterruptedly, when combined with vocational factors.” Although LaPointe applied the pre-1994 version of the PTD statute, we have acknowledged that the prior case law is instructive because the current PTD statute is similar. Ferrell Gas, 982 So.2d at 37.
Under the version of section 440.15(l)(b) applicable to this 2004 date of accident, a claimant not presumptively PTD based on a listed injury “must establish that he or she is not able to engage in at least sedentary employment, within a 50-mile radius of the employee’s residence, due to his or her physical limitation.” § 440.15(l)(b), Fla. Stat. (2003). Thus, a claimant who does not have a listed injury may prove entitlement to PTD benefits by presenting evidence of (1) permanent medical incapacity to engage in at least sedentary employment, within a 50-mile radius of the employee’s residence, due to physical limitation; (2) permanent work-related physical restrictions coupled with an exhaustive but unsuccessful job search; or (3) permanent work-related physical restrictions that, while not alone totally disabling, preclude Claimant from engaging in at least sedentary employment when combined with vocational factors.
Where it is not clear the JCC employed the correct legal standard in denying PTD benefits, reversal is required. Garcia, 16 So.3d at 202; Houck v. Lee County Bd. of County Comm'rs, 995 So.2d 1102, 1103 (Fla. 1st DCA 2008). Accordingly, we reverse and remand with directions that the JCC determine whether Claimant is entitled to PTD benefits based *884 on evidence of permanent work-related physical restrictions that, while not alone totally disabling, preclude Claimant from engaging in at least sedentary employment when combined with vocational factors. We also direct the JCC to reconsider the related claims for attorney’s fees and costs.
REVERSED and REMANDED, with directions.
KAHN, LEWIS, and CLARK, JJ., concur.

 The reference to jobs "made available” refers to information regarding job openings furnished to Claimant by the Employer/Carrier’s vocational expert. There was no evidence Claimant was ever offered a job or refused employment.