PER CURIAM.
In this workers’ compensation case, Claimant appeals an order of the Judge of Compensation Claims (JCC) denying entitlement to permanent total disability (PTD) benefits from September 19, 2008, forward, and denying entitlement to penalties, interest, costs, and attorney’s fees (PICA). Claimant alleged entitlement to PTD benefits because he had a catastrophic injury pursuant to the five-step sequential evaluation used to evaluate claims for Social Security disability income benefits, which was causally related to his compen-sable injury. See § 440.02(38), Fla. Stat. (2002) (requiring application of the Social Security Act as it existed on July 1, 1992); see also, e.g., Butler v. City of Jacksonville, 980 So.2d 1250, 1252 (Fla. 1st DCA 2008). We agree with Claimant that the JCC erred in analyzing his claim for PTD benefits and, accordingly, we reverse and remand this case for further proceedings.
“The first step of the inquiry asks whether the claimant is performing substantial gainful employment.” Butler, 980 So.2d at Í252. Where the claimant is found to be performing substantial gainful employment, the claimant is not found to be disabled and no further inquiry is necessary. Id. Here, the JCC erred in finding that Claimant failed to prove step one of the sequential evaluation by finding that Claimant was not performing substantial gainful employment. The JCC acknowledged in his order that Claimant had not worked since 2005, but concluded Claimant “fails at Step I” because Claimant had voluntarily resigned for reasons unrelated *546 to the injury and “but for his voluntary resignation ..., [he] would not have qualified for Social Security disability.” This was error because causation is not part of step one of the five-step evaluation; rather, questions regarding causation pertain to an employee’s entitlement to workers’ compensation benefits, and conflation of the two concepts does not illustrate to this court that the appropriate legal standard was used in determining Claimant’s entitlement to benefits. See generally Bob Wilson Dodge v. Mohammed, 692 So.2d 287 (Fla. 1st DCA 1997) (holding claimant seeking PTD benefits must prove both catastrophic injury and causal connection between injury and inability to earn). Step one concerns only whether the claimant is “doing substantial gainful activity”; the Social Security regulations specify that “[i]f you are working and the work you are doing is substantial gainful activity, we will find that you are not disabled.” 20 C.F.R. § 404.1520(b) (1992). “If the claimant is not performing substantial gainful employment, the inquiry moves on to the second step.” Butler, 980 So.2d at 1252.
Second, the JCC erred in finding Claimant failed to prove step four, which asks whether the claimant can perform past relevant work. Butler, 980 So.2d at 1252. If the claimant can perform past relevant work, the claimant is not found to be disabled. Id. Here, the JCC found that Claimant could perform his past relevant employment. In particular, the JCC relied on the vocational rehabilitation expert’s testimony that Claimant could perform past relevant work if Claimant’s medical work restrictions or limitations were unchanged from 2007 (when other benefits were denied in a prior proceeding). The record does not support the hypothetical answered by that expert concerning Claimant’s restrictions, on which the JCC relied, because Dr. Kenneth Galang, Claimant’s treating physician, testified that he imposed a new bilateral lifting restriction on Claimant in September 2008. Therefore, the JCC erred in relying on the vocational rehabilitation expert’s testimony based on that hypothetical premise, and likewise erred in concluding Claimant could perform his past relevant employment.
Moreover, in failing to acknowledge in the final order Dr. Galang’s new bilateral restriction, “it is not clear whether the JCC was rejecting testimony or misstating testimony in reaching her conclusions of law.” Mitchell v. XO Commc’ns, 966 So.2d 489, 490 (Fla. 1st DCA 2007). If the JCC did intend to reject that undisputed medical testimony, he erred in rejecting it without giving a reason. See Vadala v. Polk County Sch. Bd., 822 So.2d 582 (Fla. 1st DCA 2002).
Third, the JCC erred in finding the Employer/Carrier had proven the affirmative defense that Claimant retained a substantial earning capacity. Although the JCC found Claimant successfully performed post-injury employment, which is sufficient to prove a substantial earning capacity, see Polk County School Board v. Santana, 718 So.2d 932 (Fla. 1st DCA 1998), the JCC failed to acknowledge Dr. Galang’s testimony that Claimant’s restrictions have since changed.
Finally, because the JCC erred in analyzing the claim for PTD benefits, the JCC also erred in denying the claim for penalties, interest, costs, and attorney’s fees. Based on the foregoing, the order on appeal is REVERSED and REMANDED for further proceedings.
KAHN, LEWIS, and CLARK, JJ., concur.