PER CURIAM.
In this workers’ compensation case, Claimant appeals an order of the Judge of Compensation Claims (JCC) denying permanent total disability (PTD) and supplemental PTD benefits. We remand because the JCC failed to address the adequacy of Claimant’s job search.
Section 440.15(l)(b), Florida Statutes (2006), provides that an injured employee may prove entitlement to PTD benefits by “establishing] that he or she is not able to engage in at least sedentary employment, within a 50-mile radius of the employee’s residence, due to his or her physical limitation.” We have explained that there are three alternative methods by which a claimant may prove entitlement to PTD benefits:
by presenting evidence of (1) permanent medical incapacity to engage in at least sedentary employment, within a 50-mile radius of the employee’s residence, due to physical limitation; (2) permanent work-related physical restrictions coupled with an exhaustive but unsuccessful job search; or (3) permanent work-related physical restrictions that, while not alone totally disabling, preclude Claimant from engaging in at least sedentary employment when combined with vocational factors.
Blake v. Merck & Co., 43 So.3d 882, 883 (Fla. 1st DCA 2010) (emphasis added).
Here, the JCC found Claimant’s job search “does not establish that his inability to secure at least sedentary employment within a 50-mile radius of his residence was ‘due to his physical limitations,’ ” a finding that addresses the first method listed in Blake. The JCC failed to consider, however, the possibility of Claimant’s entitlement under the second method, likely because the JCC did not have the benefit of Blake at the time she entered her order. Blake requires remand for the JCC to consider the adequacy of Claimant’s job search.
We find no merit to the Employer/Carrier’s contention that Claimant must also present direct proof of a causal connection between his physical limitations and his unsuccessful job search. This court has never required direct proof of such a connection; rather, this is a finding that may be inferred from a claimant’s inability to find employment after an exhaustive job search. See Fla. Mining and Minerals v. Brantley, 418 So.2d 352, 353 (Fla. 1st DCA 1982) (“[Although there is no direct proof of rejection for a job because of [Brantley’s] disability, such direct proof of this essential element has not been required by prior decisions of this court.”). The job search must, however, be conducted in good faith, and JCCs retain discretion to find a job search inadequate. See Publix Supermarkets, Inc. v. Redding, 689 So.2d 1253, 1254 (Fla. 1st DCA 1997) (“[I]n passing on the sufficiency of a work search, the JCC must decide whether claimant’s efforts were reasonable and performed in good faith in light of all the relevant circumstances: physical impairment, age, industrial history, training, education, motivation, work experience, work record, and diligence.”) (quoting Borges v. Osceola Farms Co., 651 So.2d 173, 174 (Fla. 1st DCA 1995)); Korody v. Quality Steel & Claims Ctr., 694 So.2d 40, 42 (Fla. 1st DCA 1997) (“There is no ‘absolute number of minimum or average monthly contacts as a threshold require *535 ment for an adequate work search. The decisions of this court have cautioned against such a mechanical approach, emphasizing instead that the adequacy of a work search is a factual issue which is dependent upon the totality of the circumstances, including quality and context as well as number of job contacts, in each case.’ ”) (quoting GCC Beverages v. Simmons, 571 So.2d 59, 60 (Fla. 1st DCA 1990)). Cf. Holiday Care Ctr. v. Scriven, 418 So.2d 322, 326 (Fla. 1st DCA 1982) (“[O]ne who does not look for work she is physically able to perform risks not only the postponement of gainful employment but also her continuing entitlement to wage loss benefits during a conscientious search.”).
For these reasons, the order on appeal is reversed and this case is remanded to the JCC for further proceedings consistent with this opinion.
REVERSED and REMANDED for further proceedings.
ROBERTS, CLARK and WETHERELL, JJ., concur.