HAWKES J.
 

 The Employer/Carrier (E/C) seeks review of an order of the Judge of Compensation Claims (JCC) awarding Claimant permanent total disability (PTD) benefits. The E/C argues the JCC employed an improper standard in finding Claimant entitled to the benefits. We reverse and remand this matter because it is unclear which standard the JCC applied.
 

 The controlling statute is section 440.15(1), Florida Statutes (2008). To establish entitlement to PTD benefits, if an injured employee cannot prove he or she sustained one of the enumerated catastrophic injuries listed in section 440.15(l)(b)l.-5., then “the employee must establish that he or she is not able to engage in at least sedentary employment, within a 50-mile radius of the employee’s residence, due to his or her physical limitation.” § 440.15(1), Fla. Stat. (2008).
 

 In the order on appeal, the JCC accepted the vocational testimony offered by Claimant’s expert and made the following findings:
 

 11. The Claimant underwent a vocational evaluation with Steven Cooley. Mr. Cooley opined that the significant vocational handicaps the Claimant suffers as a result of the injuries have caused him to be totally disabled and unable to obtain even sedentary employment within a 50-mile radius of his home. Mr. Cooley testified that the Claimant does not have transferable skills from his maintenance work history that actually apply to the potential jobs found for him by Rehabilitation Counseling Associates. Mr. Cooley testified that given the most recent restrictions placed on the Claimant by Dr. Abraham-
 
 *83
 
 sen and Dr. Maiocco that he is not capable of engaging in the full range of light or sedentary employment pursuant to the definitions given in the Dictionary of Occupational Titles.
 

 [[Image here]]
 

 14. I have had the opportunity to observe the Claimant during the lengthy Final Hearing. He made no physical attempt to impress me with his difficulties, other than a normal guarding of both shoulders. I find that the Claimant was a credible and straight forward witness in his own behalf and that his hesitation to attempt potential jobs that could lead to a further deterioration of his condition was logical. I accept the testimony of Steven Cooley that the Claimant does not have actual transferable job skills that would lead to future employment. I accept that the Claimant cannot do the full range of sedentary employment given the restrictions placed on him from the two shoulder injuries. As such, I find that the Claimant has established that he is entitled to permanent total disability.
 

 15.... On [June 1, 2010, Dr. Maiocco] filled out a report indicating that the Claimant’s restrictions were no lifting more than 15 pounds overhead. When the Claimant was evaluated by Dr. Mai-occo on September 23, 2010, his restrictions were clarified to include no carrying, no lifting floor to waist, and lifting waist to overhead, and no reaching overhead over 15 pounds. Based on the testimony of Mr. Cooley it is the combination of all of these restrictions, combined with the restrictions of Dr. Abra-hamsen, that make the Claimant unable to do the full range of sedentary. As such, I find that the Claimant has established that he is permanently totally disabled as of September 23, 2010, pursuant to Dr. Maiocco’s permanent restrictions.
 

 Here, because Claimant did not sustain one of the statutorily-enumerated injuries, the JCC correctly noted it was Claimant’s burden to prove entitlement to PTD benefits utilizing one of the three methods outlined in
 
 Blake v. Merck & Company,
 
 43 So.3d 882 (Fla. 1st DCA 2010). In
 
 Blake,
 
 we explained:
 

 [A] claimant who does not have a listed injury may prove entitlement to PTD benefits by presenting evidence of (1) permanent medical incapacity to engage in at least sedentary employment, within a 50-mile radius of the employee’s residence, due to physical limitation; (2) permanent work-related physical restrictions coupled with an exhaustive but unsuccessful job search; or (3) permanent work-related physical restrictions that, while not alone totally disabling, preclude Claimant from engaging in at least sedentary employment when combined with vocational factors.
 

 Id.
 
 at 883. Again, the JCC correctly eliminated the first and second methods. The confusion arises, however, because of the JCC’s repeated reference to Claimant’s inability to “engage in a full range of sedentary activities.”
 

 Effective October 1, 2003, the Legislature enacted the test described above— inability “to engage in at least sedentary employment.”
 
 See
 
 Ch. 03-412, § 18, at 3916, Laws of Fla. From 1994 through September 2003, the PTD statute required a claimant to prove he or she was otherwise qualified to receive social security disability benefits utilizing the five-step sequential analysis adopted by the Social Security Administration.
 
 See Butler v. City of Jacksonville,
 
 980 So.2d 1250, 1252 (Fla. 1st DCA 2008).
 
 See also
 
 Ch. 93-415, § 2, at 69, and § 20, at 118, Laws of Fla. The fifth step of the sequential analysis asks “whether, based on the claimant’s
 
 *84
 
 age, education, and work experience, the claimant can perform other similar work found in significant number in the national economy.”
 
 Butler,
 
 980 So.2d at 1252. It is at this point that a claimant’s ability to “engage in a full range of sedentary activities” enters the analysis — whether “other work exists in significant numbers in the national economy that you can do, given your residual functional capacity and vocational factors.” 20 CFR § 404.1560(c)(2) (1992). The JCC’s use of this phraseology — “engage is a full range of sedentary activities — brings into question whether the JCC used the correct standard. We do not equate “engage in a full range of sedentary employment,” part of the previous standard, with “engage in at least sedentary employment,” the current standard.
 

 Because it is not clear which standard the JCC used in awarding PTD benefits, reversal is necessary.
 
 See Blake,
 
 43 So.3d at 883. Accordingly, as in
 
 Blake,
 
 we reverse and remand “with directions that the JCC determine whether Claimant is entitled to PTD benefits based on evidence of permanent work-related physical restrictions that, while not alone totally disabling, preclude Claimant from engaging in at least sedentary employment when combined with vocational factors.”
 
 Id.
 
 at 883-84.
 

 REVERSED and REMANDED for proceedings consistent with this opinion.
 

 WOLF AND ROBERTS, JJ., concur.