PER CURIAM.
In this workers’ compensation case, Claimant appeals an order of the Judge of Compensation Claims (JCC) denying entitlement to permanent total disability (PTD) benefits. We reverse this ruling and write this brief opinion to give direction to the JCC for further proceedings on remand. In this particular case, the JCC performed a diligent and ordered analysis of the various methods by which a claimant may establish entitlement to PTD benefits, as set forth in section 440.15(1), Florida Statutes (2003), and Blake v. Merck & Co., 43 So.3d 882 (Fla. 1st DCA 2010). In so doing, the JCC investigated whether Claimant’s psychiatric condition, in conjunction with other factors, might establish her inability to “engage in at least sedentary employment” as the statute would require. As part of this investigation, the JCC considered whether Claimant had presented “clear and convincing” medical evidence that the compen-sable physical injury “remain[ed] the major contributing cause of the [psychiatric injury],” as required by section 440.093, Florida Statutes (2003). We agree with Claimant that the JCC erred in applying section 440.093 to this case because section 440.093 presents the test for compensability of psychiatric injuries, and, here, as the Employer/Carrier conceded at closing argument, the Employer/Carrier was not challenging compensability of Claimant’s psychiatric injury. This error effectively moots Claimant’s other point on appeal, a challenge to the JCC’s evidentiary rulings regarding doctors’ opinions on major contributing cause of the psychiatric injury.
REVERSED and REMANDED for further proceedings consistent with this opinion.
VAN NORTWICK, THOMAS, and ROBERTS, JJ., concur.