PER CURIAM.
In this workers’ compensation appeal, the Employer/Carrier (E/C) argues that the Judge of Compensation Claims (JCC) erred when he failed to accord the expert medical advisor’s (EMA’s) opinion a presumption of correctness and awarded Claimant permanent total disability (PTD) benefits. Because the JCC was not free, on this record, to reject the EMA’s opinion, we reverse.
The JCC here appointed an EMA under section 440.13(9), Florida Statutes (2008), to resolve a conflict in medical opinions regarding Claimant’s work restrictions from the industrial injury. Following an examination and review of medical records, the EMA prepared a report indicating that Claimant is capable of light-duty work with certain specified functional restrictions. In deposition, on direct examination conducted by Claimant’s counsel, the EMA answered affirmatively to a question asking him if. he would defer to the current pain management specialist “for the types and nature of pain management and the status through that specialty.” The EMA was not asked specifically whether he was retracting or receding from his already-stated opinion on Claimant’s work restrictions. On cross examination, however, the EMA’s report was attached to the deposition and the EMA, when asked directly, testified that nothing occurring during direct examination changed his opinions expressed in the report. No re-direct was conducted.
Under the statute, the opinion of an EMA is presumed to be correct “unless there is clear and convincing evidence to the contrary as determined by the [JCC].” § 440.13(9)(c), Fla. Stat. (2008). The JCC here did not make findings of clear and convincing evidence. Instead, the JCC concluded that the EMA’s opinion on physical work restrictions was equivocal and, therefore, inconclusive. Relying on this court’s opinion in Fitzgerald v. Osceola County School Board, 974 So.2d 1161 (Fla. 1st DCA 2008), the JCC then determined that Claimant is incapable of working considering the totality of the medical evidence on work restrictions and without affording the EMA’s opinion a presumption of correctness.
In this case, the JCC’s reliance on the Fitzgerald decision is misplaced. In contrast with the EMA in Fitzgerald, the EMA here clearly rendered an opinion on the issue of physical work restrictions as detailed in his report. The inclusion of the single word “status” in the vague deferral question posed to the EMA does not constitute competent substantial evidence (CSE) that the EMA was retreating from his opinion regarding Claimant’s work restrictions, especially in light of the clarifi *346 cation provided on- cross examination. Furthermore, the JCC’s reliance upon the opinion of Claimant’s vocational specialist as to the meaning of the word “status” in this context was improper — particularly, given that the JCC also conceded that there was no evidence establishing what the word meant to the EMA. Based on the record evidence, no reasonable fact-finder here could conclude that the EMA’s opinion regarding Claimant’s physical work restrictions was either equivocal or inconclusive.
Because the JCC improperly rejected the presumption of correctness that should h.ave been accorded to the EMA’s opinion on physical work restrictions, his conclusion that Claimant is medically incapacitated from performing any kind of work was in error. The record, therefore, does not contain CSE to support a finding of PTD based under the first of the three alternative methods of proving entitlement to PTD benefits described in Blake v. Merck & Co., 43 So.3d 882, 883 (Fla. 1st DCA 2010) (“permanent medical incapacity to engage in at least sedentary employment, within a 50 mile radius of the employee’s residence, due to physical limitations”). See, Office Depot v. Ortega, 931 So.2d 1051,1052 (Fla. 1st DCA 2006) (PTD award reviewed for CSE as to JCC’s findings, and de novo as to interpretation of applicable statutes). As an alternative, however, the JCC also assumed the correctness of the EMA assigned physical restrictions and then concluded that Claimant is PTD under the third method in Blake *: “permanent work-related physical restrictions that, while not alone totally disabling, preclude the employee from engaging in at least sedentary employment when combined with vocational factors.” Blake, 43 So.3d at 883.
With regard to the third method of proof of PTD, the JCC accepted the testimony of Claimant’s vocational expert over that of the E/C’s vocational expert. Claimant’s vocational expert, however, evidently assumed that the EMA adopted the opinion of the current pain management physician, and did not consider only the physical work restrictions identified in the EMA report when she opined that Claimant was precluded from sedentary work due to the combination of vocational factors and physical restrictions. For this reason, Claimant’s vocational expert’s opinion does not constitute CSE supporting a finding of PTD under the third method of proof which, by the JCC’s reasoning, assumes the correctness of the EMA opinion on the physical work restrictions.
In his review of the vocational evidence in this case, the JCC noted that the E/C’s vocational expert included in his report his personal observations of Claimant’s pain behavior and rejected his opinion accordingly. The JCC had the right to reject the E/C’s vocational expert’s opinion on this basis. As noted by the E/C, however, it was also improper for both the Claimant’s vocational expert and the JCC to consider personal observations of Claimant’s physical limitation related to pain as a vocational factor. Under section 440.09(1), Florida Statutes, as amended in 1994, pain is com-pensable only with objective relevant medical findings and any disability resulting from a compensable injury also must be established, to a reasonable degree of medical certainty, based on objective relevant medical findings. Therefore, under Florida law, physical limitation related to *347 pain is a medical issue to be addressed only by a medical expert.
REVERSED and REMANDED for further proceedings consistent with this opinion and for a determination of Claimant’s ability to engage in at least sedentary employment when vocational factors are combined with the permanent work-related physical restrictions identified in the EMA report.
WOLF, ROBERTS, and MAKAR, JJ., concur.

 Claimant presented no evidence of a job search satisfying the second method of proof: "evidence of permanent work-related physical restrictions coupled with an exhaustive but unsuccessful job search." Blake, 43 So.3d at 883.