PER CURIAM.
Claimant, Jose Gomez-Lujano, appeals a final order entered by the Judge of Compensation of Claims (JCC) denying indemnity benefits and associated penalties, interest, costs, and attorney’s fees (PICA). Claimant argues that the JCC exceeded the scope of her review when she denied additional impairment benefits (IBs), that she misinterpreted case law when she denied the request for permanent total disability (PTD) benefits and associated PICA, and that the JOC’s denial of his claims for temporary disability benefits on the basis of the 104-week statutory limitation violated his constitutional rights to access, to courts and to due process. For *547 the reasons explained below, we affirm the order as modified.

Background

Claimant suffered a compensable injury on October 31, 2001. As a' result- of the injury, the Employer/Carrier (E/C) provided medical care, 104 weeks’ worth of temporary indemnity benefits ending on December 8, 2004,- and impairment benefits. Claimant returned to work from 2005 until April 2007, when he underwent shoulder surgery for one of his compensable injuries. As a result, Claimant was removed from work from April 30, 2007, to June 12, 2007, and was restricted from'working full duty from June 13, 2007, to September 14, 2007.
Claimant filed two petitions for benefits seeking additional temporary disability benefits arid' associated PICA, Or, in the alternative, PTD benefits and associated PICA. Prior to the hearing on the' first petition, Claimant filed á third petition seeking additional IBs; this claim was not mediated, before the hearing. The E/C contested the ciatos raised in the original petitions and, in the alternative, sought an offset or credit agairist any award of temporary or permanent disability benefits for the IBs it had already paid. The E/G and Claimant agreed that the JCC should reserve jurisdiction to address the claim raised in the third petition.
In the order on appeal, the JCC reserved jurisdiction over the claim raised in the third petition, but she also stated, “no additional impairment benefits are owed to Claimant.” Relying on the 104-week statutory limitation contained in paragraphs 440.15(2)(a) and 440.15(4)(b), Florida Statutes (2001), the JCC denied the request for temporary benefits. The JOG also denied the request for PTD benefits, reasoning that Claimant did not meet his burden to prove entitlement to such under the law in effect on the date of his accident. As a result of these rulings, the JCC denied the request for PICA. This timely appeal follows. .
■ Analysis ■
Wé agree with both parties that the JCC went beyond the scope of the issues before her when she essentially denied the additional IBs sought in the third petition, despite having also reserved jurisdiction (creating an inconsistency). The JCC should have reserved jurisdiction over these issues. See § 440.25(2), Fla. Stat. (requiring mediation of claims unless waived by the deputy chief judge of compensation claims); Parodi v. Fla. Contracting Co., Inc., 16 So.3d 958, 961 (Fla. 1st DCA 2009) (holding JCC properly reserved jurisdiction on unmediated petitions for benefits); Isaac v. Green Iguana, Inc., 871 So.2d 1004, 1006 (Fla. 1st DCA 2004) (reversing a JCC’s ruling reached in absence of prior notice and opportunity to defend because it offended the procedural due process right of a claimant). Accordingly, we strike the following sentence from the order: “I therefore conclude that no additional impairment benefits are owed to Claimant.”
The JCC properly applied our decision in Westphal v. City of St. Petersburg, 122 So.3d 440 (Fla. 1st DCA 2013) (en banc), when she denied the requests for PTD benefits and for temporary benefits beyond the 104-week statutory limitation. Westphal supplants a claimant’s need to establish attainment of MMI, but not a claimant’s need to prove the other elements of a claim for PTD benefits. Id. at 441. Because Westphal makes a claimant “eligible to assert a claim for permanent and total disability benefits,” but it does not automatically entitle a claimant to the payment of such benefits, Claimant was still required to present evidence that he *548 otherwise meets the legal standards- for such an award.
Finally, with regards to the JCC’s denial of the request for temporary benefits, this Court has recently rejected similar constitutional challenges to the 104-week statutory limit on temporary benefits. See Vancamp v. Decision HR 30, Inc., - So.3d —, 40 Fla. L. Weekly D1941 (Fla. 1st DCA Aug. 19, 2015); Ramirez v. Jorda Enters., Inc., 164 So.3d 1291 (Fla. 1st DCA 2015). Thus, we affirm the denial of PTD, additional temporary benefits, and associated PICA.
AFFIRMED AS MODIFIED.
LEWIS, THOMAS, and ROWE, JJ„ concur.