IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ANNABELLA PINERA,

      Appellant,

v.

TARGET/SEDGWICK CMS,

      Appellees.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-4077

_____/

Opinion filed June 7, 2016.

An appeal from an order of the Judge of Compensation Claims.
Marjorie Renee Hill, Judge.

Date of Accident: August 24, 2012.

Kimberly A. Hill of Kimberly A. Hill, P.L., Fort Lauderdale, for Appellant.

David S. Gold and David B. Stauber of Litchfield Cavo, LLP, Fort Lauderdale, for
Appellees.

PER CURIAM.

      In this workers' compensation case, Claimant appeals a final order entered by

the Judge of Compensation Claims (JCC) denying permanent total disability (PTD)

benefits, supplemental PTD benefits, and the associated penalties, interest, costs, and

attorney's fees. Because the JCC erred as a matter of law when she found that Claimant could not be deemed to be at maximum medical improvement (MMI) from her workplace injury because she was not "totally disabled," we reverse and remand for further findings.

In Westphal v. City of St. Petersburg, 122 So. 3d 440, 441 (Fla. 1st DCA 2013) (en banc), this court held that a claimant is deemed to be at MMI, and therefore eligible to assert a claim for PTD benefits, after exhausting the maximum 104 weeks of entitlement to temporary disability benefits. See also Gomez-Lujano v. Palm Beach Grill-Houston's Rest., 178 So. 3d 546, 547-48 (Fla. 1st DCA 2015) ("Because Westphal makes a claimant 'eligible to assert a claim for permanent and total disability benefits,' [by supplanting the need to establish MMI attainment] but . . . does not automatically entitle a claimant to the payment of such benefits, Claimant was still required to present evidence that he otherwise meets the legal standards for such an award."). Here, the undisputed facts establish that Claimant exhausted her entitlement to temporary disability benefits.

In finding that Claimant cannot be deemed at MMI by operation of law, the JCC focused on evidence that Claimant is currently working for the Employer for approximately twelve hours per month. In doing so, the JCC incorrectly assumed that Claimant cannot be deemed at MMI unless she is also "totally disabled" in the sense of a complete physical incapacity to work. Furthermore, because the JCC

2

erroneously concluded that Claimant's current employment prevents a finding of deemed MMI, she did not continue the analysis to determine if Claimant had otherwise met the legal standards for PTD entitlement. In particular, the JCC failed to address Claimant's evidence supporting her claim that her current employment is actually sheltered employment and that she is nevertheless PTD based on the combination of work-related physical restrictions and vocational factors. See Blake v. Merck & Co., 43 So. 3d 882, 883 (Fla. 1st DCA 2010) (finding proof of PTD is not limited to proof of medical incapacity to work).

Because the JCC erred when she found Claimant is not deemed at MMI by operation of law, we REVERSE and REMAND for a determination whether Claimant otherwise meets the legal standards for PTD entitlement to include findings of fact on the issue of sheltered employment.

WETHERELL and KELSEY, JJ., and DEMPSEY, ANGELA C., Associate Judge, CONCUR.